**Percy Stanley HARRIS, Petitioner–
Appellant,**

v.

**Ronald HUTCHINSON, Warden, Maryland House of Corrections; J. Joseph Curran, Jr., Attorney General of the State of Maryland, Respondents–Appellees.**

No. 99–6175.

United States Court of Appeals,
Fourth Circuit.

Argued: Jan. 28, 2000

Decided: April 4, 2000

**ARGUED:** Fred Warren Bennett, Bennett & Nathans, L.L.P., Greenbelt, Maryland, for Appellant. Ann Norman Bosse, Assistant Attorney General, Criminal Appeals Division, Office of the Attorney General, Baltimore, Maryland, for Appellees. **ON BRIEF:** Michael E. Lawlor, Bennett & Nathans, L.L.P., Greenbelt, Maryland, for Appellant. J. Joseph Curran, Jr., Attorney General of Maryland, Criminal Appeals Division, Office of the Attorney General, Baltimore, Maryland, for Appellees.

Before NIEMEYER, Circuit Judge, HAMILTON, Senior Circuit Judge, and SMALKIN, United States District Judge for the District of Maryland, sitting by designation.

Affirmed by published opinion. Judge NIEMEYER wrote the opinion, in which Senior Judge HAMILTON and Judge SMALKIN joined.

## OPINION

NIEMEYER, Circuit Judge:

On July 22, 1998, Percy Harris filed this federal habeas petition to challenge his Maryland state court conviction. He filed his petition *more than one year* after enactment of the Anti–Terrorism and Effective Death Penalty Act of 1996, which established a one-year limitation period for filing federal habeas petitions, *but less than one year* after he completed state post-conviction review proceedings. The district court dismissed Harris' petition as untimely.

On appeal, Harris contends (1) that the district court misapplied the federal statute of limitations or, alternatively, (2) that the running of the time should have been "equitably tolled" because Harris relied on his attorney's reasonable interpretation of the statute. For the reasons that follow, we affirm the district court's dismissal order.

I

On November 9, 1990, Percy Harris was convicted in Maryland state court of first-degree murder and related offenses. He was sentenced to life imprisonment. Harris pursued a direct appeal of his conviction to the Maryland Court of Special Appeals, which affirmed his conviction, and he petitioned the Maryland Court of Appeals for a writ of certiorari, which was denied on April 24, 1992. *See Harris v. State*, 326 Md. 365, 605 A.2d 101 (1992).

Four years later, the Anti–Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus petition. *See* 28 U.S.C. § 2244(d). The statute excludes from the one-year period the time a petitioner spends in pursuit of state post-conviction relief. *See* 28 U.S.C. § 2244(d)(2).

On March 12, 1997, ten-and-one-half months after the enactment of the AEDPA, Harris filed a petition for state post-conviction relief. The petition was denied, and on January 7, 1998, the Maryland Court of Special Appeals denied Harris' application for leave to appeal the denial, thus concluding his state post-conviction proceedings.

When counsel for Harris learned of the state court's final decision on Harris' petition for post-conviction relief, counsel wrote Harris a letter, dated January 12, 1998, advising him:

The next (and last) step is to go into federal court by way of a federal habeas

Petition. You have one year from January 7, 1998 [the date the state post-conviction proceedings concluded], or up to and including January 6, 1999, to go into federal court.

Harris filed his federal habeas petition in this case on July 22, 1998. The district court dismissed the petition as time-barred, applying the AEDPA's one-year statute of limitations. This appeal followed.

## II

Although Harris acknowledges that the time for filing his federal habeas petition is governed by the one-year statute of limitations imposed by the AEDPA, 28 U.S.C. § 2244(d), he argues that the one-year period does not commence *until the conclusion of state post-conviction proceedings.* Because his state post-conviction proceedings were not completed until January 7, 1998, Harris maintains that the filing of his federal habeas petition on July 22, 1998, less than eight months later, was timely. To support his interpretation of 28 U.S.C. § 2244(d), Harris relies on two district court cases: *Valentine v. Senkowski,* 966 F.Supp. 239, 241 (S.D.N.Y.1997) (holding that the one-year period of limitations imposed by § 2244(d) "does not begin to run until after direct review has been completed and state post-conviction review has been exhausted"), and *Martin v. Jones,* 969 F.Supp. 1058, 1061 (M.D.Tenn.1997) (restating the holding of *Valentine* ).

The State of Maryland argues that the clear language of 28 U.S.C. § 2244(d) provides that the one-year period begins with the conclusion of *direct review* of Harris' judgment of conviction. Because his direct review was completed in 1992, before enactment of § 2244(d), the State argues that the one-year period began on April 24, 1996, the date on which the AEDPA was signed into law.

The AEDPA's one-year statute of limitations, codified in 28 U.S.C. § 2244(d), reads in pertinent part:

(1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

*    *    *

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Thus, the statute provides in no uncertain terms that the one-year period within which a federal habeas petition must be filed begins at "the conclusion of *direct review*" of the judgment of conviction. 28 U.S.C. § 2244(d)(1)(A) (emphasis added). It adds, however, that the running of this period is suspended for the time that a state post-conviction proceeding "is pending." 28 U.S.C. § 2244(d)(2). We have construed a state post-conviction proceeding to include all state-court proceedings "from initial filing [in the trial court] to final disposition by the highest state court." *Taylor v. Lee,* 186 F.3d 557, 561 (4th Cir.1999). Upon final disposition of the state post-conviction proceeding, the running of the § 2244(d) one-year period resumes.

In short, the AEDPA provides that upon conclusion of *direct review* of a judgment of conviction, the one-year period within which to file a federal habeas petition commences, but the running of the period is suspended for the period when state post-conviction proceedings are *pending* in any state court. Every circuit court that has construed 28 U.S.C. § 2244(d) has interpreted it in this way. *See Fields v. Johnson,* 159 F.3d 914, 916

(5th Cir.1998) (per curiam); *Hoggro v. Boone*, 150 F.3d 1223, 1226 (10th Cir.1998); *Calderon v. United States Dist. Court for the Cent. Dist. of Cal. (Beeler)*, 128 F.3d 1283, 1286–87 (9th Cir.1997).

In this case, the time for seeking direct review of Harris' state-court conviction was concluded on July 23, 1992, when the period for filing a petition for a writ of certiorari in the United States Supreme Court expired.[1] *See, e.g., Bowen v. Roe*, 188 F.3d 1157, 1159–60 (9th Cir.1999). Because this conviction became final before the enactment of the AEDPA in 1996, the one-year limitation period imposed by the Act began to run on April 24, 1996, the effective date of the Act. *See Brown v. Angelone*, 150 F.3d 370, 375 (4th Cir.1998). Thus, for Harris, the one-year limitation period imposed by § 2244(d) commenced on April 24, 1996. Ten-and-one-half months later, on March 12, 1997, Harris filed his petition for state post-conviction review, which suspended the running of the one-year limitation period. This petition remained "pending" in state courts until January 7, 1998, when the Maryland Court of Appeals denied Harris' application for leave to appeal the denial of his petition. At this point, the clock began running again on the one-year limitation period, expiring one-and-one-half months later, in February 1998. Harris did not file his federal habeas petition until July 22, 1998, six months after his one-year period had expired. Therefore, the petition was time-barred under 28 U.S.C. § 2244(d).

### III

Harris argues that even if we disagree with his interpretation of 28 U.S.C. § 2244(d), the time restriction imposed by that statute is not a jurisdictional bar, but rather a statute of limitations, and that the principles of equitable tolling therefore may be applied. He argues further that equitable tolling should be applied in this case because he relied on the "negligent and erroneous advice" of his counsel who "misadvis[ed]" him of the deadline for filing this habeas petition and because precedent at the time counsel gave him the advice was not "clear." Counsel for Harris concedes that he gave Harris the erroneous advice, citing a claimed lack of clarity in existing precedent at the time. Before addressing whether Harris has presented circumstances sufficient to justify equitable tolling, we must first address whether 28 U.S.C. § 2244(d) is subject to equitable tolling.

### A

As a general matter, principles of equitable tolling may, in the proper circumstances, apply to excuse a plaintiff's failure to comply with the strict requirements of a statute of limitations. *See English v. Pabst Brewing Co.*, 828 F.2d 1047, 1049 (4th Cir.1987); *Vance v. Whirlpool Corp.*, 716 F.2d 1010, 1011–12 (4th Cir. 1983). But these principles may not apply to overcome a jurisdictional bar, where strict satisfaction of a time limit may be required as a precondition to jurisdiction over a matter. *See, e.g., Shah v. Hutto*, 722 F.2d 1167, 1167 (4th Cir.1983) (en banc) (dismissing appeal as untimely because the 30–day limit of Fed. R.App. P. 4(a)(1) is "mandatory and jurisdictional"). We have referred to the time restriction in 28 U.S.C. § 2244(d) as a statute of limitations. *See Brown v. Angelone*, 150 F.3d 370, 371, 372 (4th Cir.1998). And other circuits have reached the same conclusion. *See Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir.1998); *Miller v. New Jersey State Dep't of Corrections*, 145 F.3d 616, 617–18

---

1. Although the Maryland Court of Appeals denied Harris' petition for a writ of certiorari on April 24, 1992, the AEDPA provides that the one-year period does not commence until the latest of the date when judgment on direct review "became final" or "the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The time for filing a petition for a writ of certiorari in the United States Supreme Court is 90 days and therefore expired July 23, 1992. *See* Sup.Ct. R. 13(1).

(3d Cir.1998); *Miller v. Marr,* 141 F.3d 976, 978 (10th Cir.1998); *Calderon v. United States Dist. Court for the Cent. Dist. of Cal. (Beeler),* 128 F.3d 1283, 1288–89 (9th Cir.1997). This conclusion is supported by both the language of the AEDPA itself— the limitations provisions do "not speak in jurisdictional terms or refer in any way to the jurisdiction of the district courts," *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 394, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982) (analyzing provision in Title VII that specifies time for filing charges with EEOC)—and by its legislative history, which reveals an intent to create a statute of limitations, not a jurisdictional bar, *see Miller v. New Jersey State Dep't of Corrections,* 145 F.3d at 618 (providing analysis); *Calderon (Beeler),* 128 F.3d at 1288 (same).

The State of Maryland contends that § 2244(d), even if viewed as a statute of limitations, should not be subject to equitable tolling because "equitable tolling is not permissible where it is inconsistent with the text of the relevant statute." *United States v. Beggerly,* 524 U.S. 38, 48, 118 S.Ct. 1862, 141 L.Ed.2d 32 (1998) (holding that the limitation period of the Quiet Title Act is not subject to equitable tolling); *see also United States v. Brockamp,* 519 U.S. 347, 352–54, 117 S.Ct. 849, 136 L.Ed.2d 818 (1997) (holding that equitable tolling does not apply to the time limitations contained in § 6511 of the Internal Revenue Code). The statutes at issue in *Beggerly* and *Brockamp,* however, served policy interests that would be adversely affected if the statutory limitations provisions were not strictly adhered to, a factor that is not present here, where the policy of the stat-

ute was to curb the abuse of the writ of habeas corpus, while preserving its availability. *See Calderon (Beeler),* 128 F.3d at 1288 n.4 ("*Brockamp* relied heavily on the fact that in administering a tax system, it is sometimes necessary 'to pay the price of occasional unfairness in individual cases ... in order to maintain a workable regime.' While such 'occasional' injustices may be a necessary price of tax administration, they are decidedly not an acceptable cost of doing business in death penalty cases" (citation omitted)).

■ The State argues further that the inclusion of subparts (B), (C), and (D) in § 2244(d)(1), as well as the inclusion of § 2244(d)(2), providing explicit exceptions to the strict limitations period of the statute, indicates that Congress did not intend the statute to have other exceptions.[2] This argument, however, reads too much into any negative inference that may reasonably be drawn from the exceptions. The exceptions in § 2244(d)(1)(B)-(D) simply make the writ available to address later arising circumstances, while the exception in § 2244(d)(2) ensures that state post-conviction review will be allowed to proceed on course. Without these exceptions, a petitioner could inappropriately be denied the writ altogether, "risking injury to an important interest in human liberty." *Lonchar v. Thomas,* 517 U.S. 314, 324, 116 S.Ct. 1293, 134 L.Ed.2d 440 (1996). The inclusion of these statutory provisions does not give rise to the inference that the application of the limitation period must otherwise be absolute, as might be the case if the period were jurisdictional. We therefore conclude that § 2244(d) is sub-

---

**2.** Section 2244(d)(1) provides that the one-year limitation period will not begin to run before

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by

the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Section 2244(d)(2), as discussed above, tolls the limitation period during the pendency of State post-conviction proceedings.

ject to equitable tolling, at least in principle.

This conclusion is consistent with the decisions of other circuit courts that have addressed the issue. *See Calderon v. United States Dist. Court for the Cent. Dist. of Cal. (Kelly)*, 163 F.3d 530, 535 (9th Cir.1998) (en banc); *Davis,* 158 F.3d at 811; *Miller v. New Jersey State Dep't of Corrections,* 145 F.3d at 618; *Miller v. Marr,* 141 F.3d at 978; *Calderon (Beeler),* 128 F.3d at 1288–89; *see also Taliani v. Chrans,* 189 F.3d 597, 598 (7th Cir.1999) (concluding that "the judge-made doctrine of equitable tolling is available, in principle at least" although "it is unclear what room remains for importing the judge–made doctrine," given the express tolling provisions of the statute); *Sandvik v. United States,* 177 F.3d 1269, 1271–72 (11th Cir. 1999) (per curiam) (finding that § 2255 permits equitable tolling, relying on analyses of other circuits in cases construing § 2244); *cf. Libby v. Magnusson,* 177 F.3d 43, 48 n. 2 (1st Cir.1999) (reserving the question whether equitable tolling might apply).

### B

■ We now turn to whether equitable tolling is appropriate in the case before us.

■ "As a discretionary doctrine that turns on the facts and circumstances of a particular case, equitable tolling does not lend itself to bright-line rules." *Fisher v. Johnson,* 174 F.3d 710, 713 (5th Cir.1999). The doctrine has been applied in "two generally distinct kinds of situations. In the first, the plaintiffs were prevented from asserting their claims by some kind of wrongful conduct on the part of the defendant. In the second, extraordinary circumstances beyond plaintiffs' control made it impossible to file the claims on time." *Alvarez–Machain v. United States,* 107 F.3d 696, 700 (9th Cir.1996) (citation omitted). But any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infre-

quent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

There is no allegation in this case that the State of Maryland contributed in any way to Harris' delay in filing his petition. Therefore, to invoke equitable tolling, Harris must be able to point to some other extraordinary circumstance beyond his control that prevented him from complying with the statutory time limit. *See Calderon (Beeler),* 128 F.3d at 1288–89 (noting that the limitation period of § 2244(d)(1) may be tolled "if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time" (citation omitted)); *Miller v. New Jersey State Dep't of Corrections,* 145 F.3d at 618–19 (noting that tolling is proper where "the petitioner has in some extraordinary way ... been prevented from asserting his or her rights," despite exercising "reasonable diligence in investigating and bringing [the] claims" (citations and internal quotation marks omitted)).

Harris argues that equitable considerations justify tolling in his case because the missed deadline was the result of an innocent misreading of the statutory provision by his counsel. While we agree that the mistake by Harris' counsel appears to have been innocent, we cannot say that the lawyer's mistake in interpreting a statutory provision constitutes that "extraordinary circumstance" external to Harris that would justify equitable tolling. *See Taliani,* 189 F.3d at 598 (holding that a lawyer's miscalculation of a limitations period is not a valid basis for equitable tolling); *see also*

*Sandvik,* 177 F.3d at 1272 (refusing to toll the limitations period where the prisoner's delay was assertedly the result of a lawyer's decision to mail the petition by ordinary mail rather than to use some form of expedited delivery); *Fisher,* 174 F.3d at 714–15 (refusing to toll limitation where access to legal materials that would have given notice of the limitations period was delayed); *Miller v. Marr,* 141 F.3d at 978 (same); *Gilbert v. Secretary of Health and Human Services,* 51 F.3d 254, 257 (Fed. Cir.1995) (holding that a lawyer's mistake is not a valid basis for equitable tolling); *Barrow v. New Orleans S.S. Ass'n,* 932 F.2d 473, 478 (5th Cir.1991) (refusing to apply equitable tolling where the delay in filing was the result of a plaintiff's unfamiliarity with the legal process or his lack of legal representation). Moreover, the mistake in this case is not extenuated by any lack of clarity in the statute. The language of § 2244(d) provides unambiguously that the one-year period within which a federal habeas petition must be filed commences on the "conclusion of direct review." This language does not contribute to a misunderstanding that would have the time commence on the "conclusion of State post-conviction proceedings."

In short, a mistake by a party's counsel in interpreting a statute of limitations does not present the extraordinary circumstance beyond the party's control where equity should step in to give the party the benefit of his erroneous understanding.

Accordingly, we affirm the judgment of the district court.

*AFFIRMED*