**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 00-7494**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

LLOYD WILBERFORCE WILLIAMS,

Defendant - Appellant.

---

**No. 01-7292**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

LLOYD WILBERFORCE WILLIAMS,

Defendant - Appellant.

---

Appeals from the United States District Court for the Middle District of North Carolina, at Winston-Salem. Frank W. Bullock, Jr., District Judge. (CR-92-239-WS, CA-99-521-1)

---

Submitted: January 31, 2002      Decided: February 12, 2002

---

Before WIDENER, NIEMEYER, and KING, Circuit Judges.

───────────────

Dismissed by unpublished per curiam opinion.

───────────────

Lloyd Wilberforce Williams, Appellant Pro Se.  Michael Francis Joseph, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Lloyd Wilberforce Williams seeks to appeal the district court's orders denying his motion filed under 28 U.S.C.A. § 2255 (West Supp. 2001) and motion for reconsideration and for leave to amend the pleadings. We have reviewed the record and the district court's opinion accepting the recommendation of the magistrate judge and order denying the motion for reconsideration and for leave to amend the pleadings and find no reversible error. Accordingly, we deny a certificate of appealability and dismiss the appeals on the reasoning of the district court. United States v. Williams, Nos. CR-92-239-WS; CA-99-521-1 (M.D.N.C. June 26, 2000; July 20, 2001).[*] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

---

[*] We note that the magistrate judge filed his report and recommendation on the same day our decision issued in Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000). In Harris, we held that 28 U.S.C.A. § 2244(d) (West Supp. 2001) is a statute of limitation and is subject to equitable tolling in limited circumstances. Harris, 209 F.3d at 329-30. Because the magistrate judge applied the proper equitable tolling principles even without the benefit of our decision in Harris, we find there is no error.

3