UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

    *Plaintiff-Appellee,*

v.

DAVID A. BABB,

    *Claimant-Appellant,*

    and

$57,960.00 IN UNITED STATES CURRENCY,

    *Defendant.*

S. MITCHELL SLADE, JR.,

    *Movant.*

No. 01-1707

Appeal from the United States District Court
for the District of South Carolina, at Spartanburg.
Henry M. Herlong, Jr., District Judge.
(CA-98-2126-7-20AK)

Argued: October 28, 2002

Decided: January 3, 2003

Before LUTTIG, WILLIAMS, and GREGORY, Circuit Judges.

---

Reversed and remanded by unpublished per curiam opinion.

---

## COUNSEL

**ARGUED:** Brian William Shaughnessy, SHAUGHNESSY, VOLZER & GAGNER, P.C., Washington, D.C., for Appellant. Mar-

vin Jennings Caughman, Assistant United States Attorney, Columbia, South Carolina, for Appellee. **ON BRIEF:** Scott N. Schools, United States Attorney, Jason P. Davis, Third Year Law Student, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

David Anthony Babb appeals the district court's order granting the United States all right, title and interest to $57,960.00 in United States currency. Babb argues, *inter alia*, that the forfeiture action was time-barred, pursuant to 19 U.S.C. § 1621. Because we find that the statute of limitations applies, we reverse and remand.

I.

On June 4, 1991, the Spartanburg, South Carolina Police Department seized $57,960.00 that had been used by David Anthony Babb in an attempted marijuana sale. Spartanburg's Solicitor's office filed a forfeiture proceeding against the $57,960.00 in state court, but eventually abandoned the matter.*

---

*The South Carolina forfeiture case was referred by the state circuit judge to a master-in-equity, pursuant to S.C. R. Civ. P. 53 (1991). On May 17, 1993, the master entered an order dismissing the action without prejudice. Babb insists that the master only had authority to send a report to the circuit judge, not to dismiss the case outright. As a result, Babb argues that the state proceeding was never terminated, and that the federal district court lacked jurisdiction over the defendant property.

The circuit judge's order referring the matter to the master-in-equity stated that the master's report "shall be the final judgment of this Court in this case and appealable directly to the Supreme Court." That is, the master had the authority to finally dispose of the case. Recognizing this authority, the master-in-equity dismissed the state action, and Babb never appealed that dismissal. Babb's jurisdictional argument on this point, therefore, is without merit.

In 1993, Babb pled guilty in federal court to the distribution of cocaine. Shortly thereafter, on February 19, 1993, the Drug Enforcement Administration ("DEA"), with the approval of Spartanburg officials, assumed custody over the money. The DEA then instituted administrative forfeiture proceedings pursuant to 19 U.S.C. § 1609. In an attempt to provide Babb with notice of this summary forfeiture action, the DEA served him at his father's address in Georgia. Babb, however, never received this notice because he was incarcerated at the time. The United States failed to serve Babb in the most logical and obvious place, the federal prison at which he was being housed.

Babb filed a complaint in federal district court on May 30, 1997, insisting that the forfeiture was void because he never received actual notice of the administrative action. The district court agreed and ordered the DEA to either return the $57,960.00 to Babb or commence judicial forfeiture proceedings. This Court affirmed. *See Babb v. U.S. Drug Enforcement Admin.*, 172 F.3d 862, 1999 WL 31159 (4th Cir. 1999) (unpublished table opinion).

Consistent with that ruling, the DEA commenced this judicial forfeiture action in district court on July 22, 1998, more than five years after the Government first learned of the existence of the $57,960.00. Babb filed a motion to dismiss, contending that the suit was time-barred by the five-year statute of limitations contained in 19 U.S.C. § 1621. The United States countered that the statute of limitations should be equitably tolled. The district court agreed, and denied Babb's motion to dismiss. Following a bench trial, the court ordered forfeiture of the $57,960.00. This appeal followed.

## II.

We review the district court's decision to equitably toll a statute of limitations for abuse of discretion. *Chao v. Virginia Dep't of Transp.*, 291 F.3d 276, 279-80 (4th Cir. 2002).

## III.

If the facts of a case warrant, equity will toll a federal statute of limitations. *TRW, Inc. v. Andrews*, 534 U.S. 19, 27 (2001); *Holmberg*

*v. Armbrecht*, 327 U.S. 392, 397 (1946). Thus, as a general matter, 19 U.S.C. § 1621 is subject to principles of equitable tolling. However, equitable tolling is permitted only in narrow circumstances, such as "when 'extraordinary circumstances beyond plaintiffs' control [make] it impossible to file the claims on time.'" *Chao*, 291 F.3d at 283 (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)). Equitable tolling will not aid claimants who, through their own negligence, fail to preserve their legal rights. *Chao*, 291 F.3d at 283 (citing *Irwin v. Dep't of Veterans Affairs*, 398 U.S. 89, 96 (1990)).

In this case, the United States insists that the statute should be tolled from December 1993 (when the DEA initiated its administrative proceeding) until May 1998 (when the district court ruled the administrative forfeiture to be void). While the administrative forfeiture proceeding was ongoing, the Government believed it had no reason to institute any judicial action. Thus, the Government argues that the statute should be equitably tolled. The central flaw with this reasoning is that the administrative proceeding was void because of the DEA's own mistake; it was the Government that failed to serve Babb with notice of the forfeiture.

This case is easily distinguishable from situations wherein a plaintiff "has actively pursued his judicial remedies by filing a defective pleading during the statutory period." *See Irwin*, 498 U.S. at 96. With a defective pleading, the defendant is still given actual notice of the existence of a pending lawsuit. By failing to provide Babb with notice, however, the DEA kept him in the dark. This mistake was of constitutional significance, and could easily have been avoided by the basic exercise of due diligence.

"Federal courts have typically extended equitable relief only sparingly," especially "where the claimant failed to exercise due diligence in preserving his legal rights." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. at 96. As the United States conceded during oral argument, there was nothing external to the Government's conduct that would excuse the failure to comply with 19 U.S.C. § 1621. Therefore, the statute of limitations must be strictly applied.

The United States' other arguments for extending equitable relief are similarly unavailing. First, the Government claims to have relied

on a statement by the district court that its judicial claim would not be time-barred. On May 13, 1998, the court declared the administrative proceeding void, but added that the Government could initiate a judicial forfeiture action. This statement, of course, was made after the statute of limitations had already run. Therefore, the Government could not have relied upon it in failing to file its claim before the five-year period expired. Second, the United States suggests that it relied on the South Carolina court that delayed dismissing the state forfeiture procedures. Yet this argument is belied by the fact that the Government: (1) took custody over the *res* in February 1993; and (2) instituted an administrative forfeiture action only a few months later, without waiting for any further action by the South Carolina Court.

## IV.

For the foregoing reasons, this Court finds that the district court abused its discretion in equitably tolling the statute of limitations, 19 U.S.C. § 1621. Because the suit was time-barred, we therefore reverse the district court's order granting the United States all right, title, and interest in the defendant currency. We remand the case for further proceedings not inconsistent with this opinion.

*REVERSED AND REMANDED*