**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 05-7507**

---

RONALD EUGENE BOGAN,

 Petitioner - Appellant,

 versus

STATE OF SOUTH CAROLINA,

 Respondent - Appellee.

---

Appeal from the United States District Court for the District of South Carolina, at Rock Hill.  David C. Norton, District Judge. (CA-04-2408-18BD)

---

Submitted:  March 29, 2006       Decided:  November 1, 2006

---

Before WILKINSON, LUTTIG,[*] and SHEDD, Circuit Judges.

---

Dismissed by unpublished per curiam opinion.

---

Tara Dawn Shurling, Columbia, South Carolina, for Appellant. Donald John Zelenka, Chief Deputy Attorney General, Melody Jane Brown, OFFICE OF THE ATTORNEY GENERAL OF SOUTH CAROLINA, Columbia, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

 [*]Judge Luttig was a member of the original panel but did not participate in this decision.  This opinion is filed by a quorum of the panel pursuant to 28 U.S.C. § 46(d).

PER CURIAM:

Ronald Eugene Bogan seeks to appeal the district court's orders denying relief on his petition filed under 28 U.S.C. § 2254 (2000). An appeal may not be taken from the final order in a habeas corpus proceeding unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2000). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001).

Under 28 U.S.C. § 2244(d)(1) (2000), a one-year limitation period applies to the filing of § 2254 petitions. Bogan does not contest that his petition was filed beyond the limitations period; rather, he argues that he is entitled to equitable tolling. Harris v. Hutchinson, 209 F.3d 325, 329-30 (4th Cir. 2000). However, equitable tolling is appropriate only when a petitioner presents extraordinary circumstances, beyond his control or external to his own conduct, that prevented him from filing on

- 2 -

time.  Id.; see also Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc).

Recourse to equitable tolling must be guarded and infrequent.  Harris, 209 F.3d at 330.  Consequently, equitable tolling is appropriate only when the government's wrongful conduct prevents a petitioner from filing a timely petition or when extraordinary circumstances beyond the petitioner's control make timely filing impossible.  Id.  While Bogan's counsel described the reason for her error in computing the limitations period, this court has specifically stated that a calendaring mistake "does not present the extraordinary circumstance . . . where equity should step in to give the party the benefit of his erroneous understanding."  Rouse, 339 F.3d at 248.  Accordingly, we conclude that Bogan is not entitled to equitable tolling.

We deny a certificate of appealability and dismiss the appeal.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED