Montoyae Dontae **SHARPE**, Petitioner,

v.

Michael T.W. **BELL**, Respondent.

No. 5:04–HC–886–BO.

United States District Court, E.D. North Carolina, Western Division.

Aug. 8, 2008.

W. Gregory Duke, Greenville, NC, for Petitioner.

Clarence J. DelForge, III, N.C. Dept. of Justice, Raleigh, NC, for Respondent.

## ORDER

TERRENCE WILLIAM BOYLE, District Judge.

This cause is before the Court on Respondent's Motion for Summary Judgment. Montoyae Dontae Sharpe (Sharpe) filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court on November 17, 2004. Sharpe bases his claim for relief on ineffective assistance of counsel at trial, error by the state court in finding the recantation testimony of Char-

lene Johnson not credible, and error by the state court in failing to award a new trial based on the newly discovered evidence of innocence provided by the testimony of Dearl Powell.

Respondent filed a Motion for Summary Judgment, and this Court subsequently dismissed the petition as second or successive under 28 U.S.C. § 2244(b)(3)(A). Sharpe appealed the order of dismissal, and the Fourth Circuit vacated the judgment and remanded for further proceedings. The case was re-opened in this Court and the parties were ordered to file supplemental briefs on Respondent's Motion for Summary Judgment. A hearing was held in Raleigh on June 18, 2008, and the matter is ripe for ruling.

## BACKGROUND

Sharpe was convicted of the first degree murder of George Radcliff (Radcliff) in Pitt County Superior Court and was sentenced to life in prison on July 27, 1995. Sharpe filed his direct appeal arguing that the trial court erred in not admitting the testimony of Tracey Highsmith (Highsmith), who would have testified that her boyfriend, Damien Smith (Smith), confessed to the murder of Radcliff.[1] Smith committed suicide shortly after Radcliff's murder, and was therefore unavailable at trial. The trial judge disallowed Highsmith's testimony after Sharpe's counsel argued for its admission under the dying declaration or state of mind exceptions to the hearsay rule. On July 31, 1996, the North Carolina Supreme Court found no error on direct appeal, and held that Sharpe could not now argue that Smith's statement was admissible as a statement against penal interest because that ground

---

1. According to Highsmith's testimony, Smith confessed to killing a man matching Radcliff's description on the same night and on the same street that Radcliff was murdered. *See State of North Carolina v. Sharpe,* 344 N.C. 190, 193, 473 S.E.2d 3, 4–5 (1996).

had not been argued before the trial court. *State v. Sharpe*, 344 N.C. 190, 473 S.E.2d 3 (1996).

Sharpe filed his first Motion for Appropriate Relief (MAR I) based on ineffective assistance of counsel and the recantation of the testimony of Charlene Johnson. Sharpe's MAR I was denied on May 6, 1998, after an evidentiary hearing before the Honorable W. Russell Duke, Jr. Sharpe's petition for certiorari was denied by the North Carolina Supreme Court on August 19, 1999. Sharpe filed his first petition for writ of habeas corpus in this Court on December 22, 1999, claiming ineffective assistance of counsel and error by the MAR I Judge. *Sharpe v. Bell*, No. 5:99–HC–856–BO. Following an evidentiary hearing, Sharpe's petition was dismissed on non-exhaustion grounds in an order filed March 15, 2001.

Sharpe filed a second Motion for Appropriate Relief (MAR II) in Pitt County Superior Court on November 30, 2001. Judge Duke first denied Sharpe's MAR II on the re-asserted grounds of ineffective assistance of counsel and the recantation testimony of Charlene Johnson on October 21, 2002. An evidentiary hearing was held on September 11, 2002, regarding Sharpe's claim of "newly discovered evidence." Sharpe's newly discovered evidence of innocence was the testimony of Dearl Powell (Powell), who first came forward and testified at the evidentiary hearing held by this Court in 2000 about events that he had witnessed the night of Radcliff's murder. Judge Duke considered Powell's testimony, found it not credible, and denied Sharpe's MAR II on the grounds of newly discovered evidence on November 14, 2002.

Sharpe filed a petition for writ of certiorari in the North Carolina Court of Appeals on September 29, 2003, which was denied by order entered November 18, 2003.

Sharpe filed his second habeas petition in this Court on November 17, 2004, which was dismissed as second or successive by order filed March 29, 2006. Sharpe appealed the dismissal, and the Fourth Circuit, in its unpublished April 20, 2007, opinion vacated and remanded the matter, holding that this Court had not issued a decision on the merits of Sharpe's ineffective assistance of counsel claim on his first habeas petition, but had remanded all issues to state court for exhaustion.[2] *Sharpe v. Bell*, No. 06–6825, —— Fed.Appx. ——, 2007 WL 1180306, 2007 U.S.App. LEXIS 9165 (4th Cir. April 20, 2007). Therefore Sharpe's petition, while numerically second, was neither second nor successive. *Id.*

## DISCUSSION

Respondent's Motion for Summary Judgment offers the following arguments in support of denying Sharpe's petition: (1) Sharpe's entire petition is time-barred, (2) Sharpe's ineffective assistance of counsel claim is procedurally barred, (3) Sharpe's claim regarding the recantation testimony of Charlene Johnson is not cognizable under federal habeas review, and (4) Sharpe's claim regarding his newly discovered evidence is not cognizable under federal habeas review.

Sharpe concedes that his claims regarding the recantation testimony of Charlene Johnson and the newly discovered evidence of innocence based on the testimony of Dearl Powell do not provide indepen-

---

**2.** This Court noted in its March 15, 2001, order that, while Sharpe's claim for ineffective assistance of counsel was procedurally barred, there was insufficient evidence before the court to determine whether a fundamental miscarriage of justice would result in the denial of Sharpe's claim. *See Herrera v. Collins*, 506 U.S. 390, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993).

dent bases for federal habeas relief. This Court is left to consider Respondent's arguments regarding the period of limitations and the procedural bar to Sharpe's constitutional claim.

### (1) Time bar

■■■ Respondent contends that Sharpe's entire petition was filed outside of the one-year statute of limitations provided by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which states that "[a] 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The AEDPA provides that the time for filing a federal habeas petition begins to run at the "conclusion of direct review." 28 U.S.C. § 2244(d)(1)(A). Not to be counted against the one-year period of limitation is the time in which a state post-conviction proceeding "is pending." Id. at (2); Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir.2000). The period of limitations is not tolled, however, while a previous habeas petition was pending in federal court. Duncan v. Walker, 533 U.S. 167, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001).

This Court dismissed Sharpe's first habeas petition on March 15, 2001, for non-exhaustion. The Fourth Circuit clarified in its 2007 opinion that this Court had "deferred its final ruling on whether there was a fundamental miscarriage of justice sufficient to overcome the procedural default." Sharpe v. Bell, No. 06–6825, —— Fed.Appx. ——, ——, 2007 WL 1180306, at *1, 2007 U.S.App. LEXIS 9165, at *3 (4th Cir. April 20, 2007). The Circuit Court noted that "[p]etitions dismissed on procedural grounds, such as for failure to exhaust state remedies, do not constitute a dismissal on the merits and are thus not counted for purposes of determining whether a subsequently filed petition is second or successive." Id. (citing Slack v. McDaniel, 529 U.S. 473, 487, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000)).

■■■ The United States Supreme Court has held that a federal district court has discretion to stay and hold in abeyance a petition for writ of habeas corpus to allow the petitioner to return to state court to exhaust any unexhausted claims. Rhines v. Weber, 544 U.S. 269, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005). The Court noted that a petitioner would lose forever his right to federal review if his petition was dismissed on non-exhaustion grounds after the limitations period had expired.[3] Id. at 275, 125 S.Ct. 1528. However, a district court may only issue a stay and abeyance in limited circumstances and for good cause. Id. Those limited circumstances include: good cause for failure to exhaust, no indication that the petitioner engaged in intentionally dilatory litigation tactics, and evidence that the unexhausted claims are potentially meritorious. Id. at 278, 125 S.Ct. 1528.

■■■ Five years after Sharpe was tried and convicted, Dearl Powell came forward to testify before this Court that he witnessed Damien Smith, not Sharpe, at the scene of the crime. As this evidence was not known or available to Sharpe during his initial state post-conviction proceedings, this Court had no choice but to allow the state court to consider the new evidence in the first instance. Good cause exists for Sharpe's failure to exhaust his

---

**3.** The Court noted that this problem does not only effect those petitioners who file close to the end of their one-year period of limitation. "Even a petitioner who files [his federal habeas petition] early will have no way of controlling when the district court will resolve the question of exhaustion." Rhines, 544 U.S. at 275, 125 S.Ct. 1528.

claims presented in his first habeas petition.

It is apparent from the record that Sharpe has pursued his rights diligently. He began his appeal process directly following his conviction and has maintained his actual innocence throughout his state post-conviction proceedings and two federal habeas petitions. This Court finds no evidence in the record of intentionally dilatory tactics.

Had her testimony been allowed, Tracey Highsmith would have testified that her boyfriend, Damien Smith, admitted to her that he shot someone later discovered to be George Radcliff. Specifically, Highsmith testified that Smith told her that, on the same night that Radcliff was murdered, he saw a white man sitting in a truck looking to buy drugs, and that he had robbed and shot the man. Trial Tr. vol. II, 340–42 (July 24, 1995).

Sharpe's trial counsel argued for the admission of this evidence under the dying declaration and state of mind exceptions to the hearsay rule. The trial judge refused to admit the evidence on these grounds, and the North Carolina Supreme Court upheld the trial court's ruling. The North Carolina Supreme Court also held that Sharpe could not argue for the admission of the testimony as a statement against penal interest because that ground had not been before the trial court. This Court continues to find it suspect that the exclusion of evidence by a trial court is unreviewable, despite incorrect arguments made by trial counsel. If evidence should be admitted under the law, it is the trial court, acting as a gatekeeper with plenary knowledge of the law, that should admit or exclude evidence, even when incorrect grounds are argued. In addition to a valid claim for ineffective assistance of counsel, Sharpe's due process rights and his Sixth Amendment right to a compulsory process for obtaining witnesses in his favor may have been abridged. Sharpe has therefore presented sufficient evidence of a potentially meritorious constitutional claim.

This Court deferred its consideration of the merits of Sharpe's first habeas petition to allow him to exhaust his state-court remedies. Sharpe has shown good cause for failure to exhaust, there is a lack of evidence of intentionally dilatory tactics, and there is evidence that his constitutional claims may be meritorious. Accordingly, there is good cause to treat this Court's March 15, 2001, dismissal as an order of stay and abeyance of Sharpe's petition pending his exhaustion of state court remedies.[4]

Moreover, any suggestion that Sharpe's petition is time barred is defeated by the law of this case. The Fourth Circuit has considered Sharpe's instant petition, and, were it barred by the period of limitations, the Circuit Court would have so held and dismissed the petition. Therefore, Sharpe's instant habeas petition is not barred by the § 2244(d)(1) one-year period of limitation.

### (2) Procedural bar

■ Sharpe's claim of ineffective assistance of counsel is procedurally barred because he failed to raise the issue on direct appeal. *See McCarver v. Lee*, 221 F.3d 583 (4th Cir.2000); N.C.G.S. § 15A–1419(a)(3). However, there exists a "fundamental miscarriage of justice exception,"

---

**4.** This Court recognizes that the *Rhines* "stay and abeyance" procedure was approved after Sharpe filed both his first and second habeas petitions. However, this Circuit had "indirectly endorsed the stay and abeyance procedure" prior to the Supreme Court's holding in *Rhines*. *Owens v. Hagan*, 2007 WL 680335, at *4, 2007 U.S. Dist. LEXIS 14750, at *11 (internal quotations omitted)(citing *Mackall v. Angelone*, 131 F.3d 442, 445 (4th Cir.1997)).

wherein a procedurally barred constitutional claim may be heard if there is a showing of actual innocence sufficient to act as a gateway through which the court may reach the merits of the constitutional claim. *Herrera v. Collins*, 506 U.S. 390, 404, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993). Should a petitioner present "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." *Schlup v. Delo*, 513 U.S. 298, 316, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995).

 Petitioners asserting claims of actual innocence as a gateway must establish that "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Schlup*, 513 U.S. at 327, 115 S.Ct. 851. In reviewing a claim of actual innocence, the habeas court "must consider all the evidence, old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under rules of admissibility that would govern at trial." *House v. Bell*, 547 U.S. 518, 538, 126 S.Ct. 2064, 165 L.Ed.2d 1 (2006) (internal quotations omitted) (*citing Schlup*, 513 U.S. at 327–328, 115 S.Ct. 851).

 Sharpe's conviction was based primarily on the testimony of three eye-witnesses. One witness, Charlene Johnson, has recanted, and one witness could only testify to seeing two or three pairs of pants outside of his window the night of the murder. Trial Tr. vol. I, 93 (July 24, 1995). There was no physical evidence linking Sharpe to the crime. At trial, Sharpe presented two alibi witnesses in his defense who testified that he was elsewhere at the time of the shooting. Taken in conjunction with the testimony of Tracey Highsmith regarding Damien Smith and the testimony of Dearl Powell, Sharpe has made a strong showing that no reasonable juror would have convicted him in light of such evidence.[5] Because he has offered sufficient evidence of actual innocence to overcome his procedural bar under N.C.G.S. § 15A–1419(a)(3), Sharpe's constitutional claim of ineffective assistance of counsel is properly before this Court.

Accordingly, summary judgment is inappropriate at this time and Respondent's Motion is DENIED. As Respondent is not entitled to summary judgment as a matter of law, it remains for the Court to determine whether material issues of fact remain for an evidentiary hearing. If no material issues of fact remain for hearing, the Court will, based on the record before it, proceed to judgment as a matter of law. The parties shall file with the Court briefs on the issue of the necessity of a second evidentiary hearing within thirty (30) days of the date of entry of this order.

---

5. It is a fundamental legal principle that "executing the innocent is inconsistent with the Constitution," *Herrera*, 506 U.S. at 419, 113 S.Ct. 853 (O'Connor, J. concurring), and this principle may well extend to life imprisonment. However, the Supreme Court has left open the issue of whether federal courts may consider freestanding claims of innocence as the basis for habeas relief. *House*, 547 U.S. at 554–555 126 S.Ct. 2064.