IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs July 7, 2015


## LEDARREN HAWKINS v. STATE OF TENNESSEE

Appeal from the Circuit Court for Madison County
No. C14179     Roy B. Morgan, Judge

_____

No. W2014-02281-CCA-R3-PC  -  Filed September 17, 2015
_____

The petitioner, Ledarren Hawkins, appeals the post-conviction court's dismissal of his petition for post-conviction relief as untimely.  On appeal, he argues that due process grounds warrant a tolling of the statute of limitations.  Upon our review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which THOMAS T. WOODALL, P.J., and D. KELLY THOMAS, JR., J., joined.

Joseph T. Howell, Jackson, Tennessee, for the appellant, Ledarren Hawkins.

Herbert H. Slatery III, Attorney General and Reporter; Jonathan H. Wardle, Assistant Attorney General; Jerry Woodall, District Attorney General; and Al Earls, Assistant District Attorney General, for the appellee, State of Tennessee.


## OPINION

## FACTS AND PROCEDURAL HISTORY

The petitioner was convicted of first degree (premeditated) murder and tampering with evidence, a Class C felony. On June 20, 2013, our supreme court affirmed the petitioner's conviction for first degree murder but reversed his conviction for tampering with evidence. *State v. Hawkins*, 406 S.W.3d 121, 138 (Tenn. 2013).

On July 16, 2014, over one year after our supreme court's decision, the petitioner filed a petition for post-conviction relief. The petitioner signed and dated the petition on July 1, 2014. The petition was notarized on July 9, 2014, and it has a file-stamp date of July 16, 2014.

The State filed a motion opposing the petition as time-barred. The post-conviction court appointed counsel for the petitioner, and counsel filed an amended petition. The amended petition contained no argument for the tolling of the applicable statute of limitations.

A post-conviction hearing was held during which the petitioner did not testify or call any witnesses to testify on his behalf. Post-conviction counsel explained that the July 16, 2014 petition was actually the petitioner's second petition. He stated that the petitioner originally mailed his first petition to the court reporter because that was the only address available to him. The petitioner contended that the petition was "returned to him as sent to the wrong party," and thereafter he filed the July 16 petition. When asked about documentation for the first petition, counsel explained that the petitioner's files were not with him at the hearing but were back in his jail cell. Counsel stated that the petitioner was incarcerated in the Department of Correction but transferred to a county jail for the hearing, and his files were still in the Department of Correction. The post-conviction court issued an oral ruling finding that the petition was time-barred and that there was not an applicable exception to the statute of limitations.

The post-conviction court also issued a written order denying the petition. The court found that the dates that the petition was signed and notarized were outside the one-year statute of limitations. The court found that there was no testimony from the court reporter, who was present at the hearing but not called as witness by the petitioner, regarding his first petition. The court found that there was no evidence in the record of any pleading prior to the July 9, 2014 notarization date of the petition. The court also found that the petitioner had failed to present any evidence or documentation to support his claim that he mailed a petition to the court reporter prior to July 9, 2014. The court further found:

That the present petition before the Court is time barred and no credible reason has been presented to the Court to justify tolling the one year statute of limitations. The justification given by the petitioner is not raised in his original or amended petition and no petition showing any earlier filing was presented to the Court. Based upon the evidence before the Court and in the record the petition is dismissed.

## ANALYSIS

The petitioner contends that the post-conviction court erred in dismissing his petition "without the benefit of an evidentiary hearing." Specifically, he contends that the post-conviction court should have found that the statute of limitations was tolled because the petitioner took all available steps to ensure that he timely filed his petition.

A petition for post-conviction relief must be filed "within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken." T.C.A. § 40-30-102(a) (2010). Our supreme court issued its opinion on June 20, 2013, meaning that any petition for post-conviction relief needed to be filed by June 20, 2014. The petition was not filed within that deadline, making it untimely. A court may not consider a petition filed beyond the statute of limitations unless one of three narrow exceptions is present.

The petitioner does not contend that his claim falls within one of these exceptions. He argues instead that he is entitled to a tolling of the statute on due process grounds. "[D]ue process requires that, once the legislature provides prisoners with a method of obtaining post-conviction relief, prisoners must be afforded an opportunity to seek this relief 'at a meaningful time and in a meaningful manner.'" *State v. Bush*, 428 S.W.3d 1, 22 (Tenn. 2014) (quoting *Burford v. State*, 845 S.W.2d 204, 208 (Tenn. 1992)). In order to toll the statute of limitations on due process grounds, a petitioner must show "(1) that he or she has been pursuing his or her rights diligently, and (2) that some extraordinary circumstance stood in his or her way and prevented timely filing." *Bush*, 428 S.W.3d at 22 (citing *Whitehead v. State*, 402 S.W.3d 615, 631 (Tenn. 2013)). However, "'any resort to [equitable tolling] must be reserved for those rare instances where−due to circumstances external to the party's own conduct−it would be unconscionable to enforce the limitations period against the party and gross injustice would result." *Whitehead*, 402 S.W.3d at 631-32 (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)).

The record cannot support the conclusion that the petitioner was diligently pursuing his rights or that some extraordinary circumstance prevented him from timely filing his petition. As the trial court found, the petitioner did not raise his argument justifying the equitable tolling of the statute in either his original or amended petition for

post-conviction relief. Neither did he present any witnesses regarding a prior attempt to file a petition. Finally, the petitioner presented no documentation to support his claim, contending that the relevant documents were in the prison where he was incarcerated. We conclude that the trial court properly dismissed the petition as untimely filed, and the petitioner is not entitled to any relief.

## CONCLUSION

Based upon the foregoing, we affirm the judgment of the post-conviction court.


_____
JOHN EVERETT WILLIAMS, JUDGE

4