**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 16-1539**

_____

MARGARET A. LUCAS, Individually, as Widow and Wrongful
Death Beneficiary, and as Personal Representative of the
Estate of John A. Lucas, Deceased; STEPHANIE L. CADEN,
Individually, as Daughter and Wrongful Death Beneficiary of
John A. Lucas, Deceased; CAROLINE A. LUCAS, Individually,
as Daughter and Wrongful Death Beneficiary of John A.
Lucas, Deceased,

            Plaintiffs - Appellants,

        v.

UNITED STATES OF AMERICA,

            Defendant - Appellee,

        and

WALTER REED NATIONAL MILITARY MEDICAL CENTER, f/k/a National
Naval Medical Center,

            Defendant.

_____

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.  Deborah K. Chasanow, Senior District
Judge.  (8:14-cv-02032-DKC)

_____

Argued:  October 25, 2016          Decided:  November 22, 2016

_____

Before NIEMEYER and MOTZ, Circuit Judges, and DAVIS, Senior
Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

**ARGUED**: Robert S. Peck, CENTER FOR CONSTITUTIONAL LITIGATION, P.C., Washington, D.C., for Appellants.  Molissa Heather Farber, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.  **ON BRIEF**: Patrick M. Regan, Christopher J. Regan, REGAN ZAMBRI LONG, Washington, D.C., for Appellants.  Rod J. Rosenstein, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Margaret Lucas appeals the dismissal of her Federal Torts Claims Act ("FTCA") complaint as untimely. We agree with the district court that the FTCA's limitations period bars her claim. Nor has she shown extraordinary circumstances that call for equitably tolling that bar. We therefore affirm.

I.

In November 2003, Margaret Lucas's husband, John Lucas, underwent surgery to repair a paraesophageal hernia at what was then the National Naval Medical Center in Bethesda, Maryland. As part of the procedure, surgeons implanted mesh in Mr. Lucas's body to prevent future herniation. The mesh migrated, allegedly causing Mr. Lucas's health to deteriorate drastically over the next several years. Mr. Lucas suffered cardiac arrest in June 2009 and never regained consciousness. He died on August 11, 2009.

On February 23, 2010, Margaret Lucas and her two surviving daughters filed a medical malpractice claim with the Department of the Navy. Nearly four years passed before the Navy mailed its notice of final denial on November 8, 2013. Under the FTCA, a plaintiff has six months to initiate an action after the appropriate government agency mails her notice of its denial of her claim. 28 U.S.C. § 2401(b) (2012). Accordingly, Lucas had

until May 8, 2014, to bring her FTCA claim against the United States.

The parties agree that, because state law determines the liability of the United States under the FTCA, 28 U.S.C. § 2674, medical malpractice plaintiffs seeking relief under the FTCA must comply with the state's substantive requirements. Maryland law, which the parties recognize controls here, requires a plaintiff to submit her medical malpractice claim to the state's Health Care Alternative Dispute Resolution Office before filing it in court. Md. Code Ann., Cts. & Jud. Proc. § 3-2A-02(a), -04(a)(1)(i) (West 2016). A plaintiff must then file an expert report certifying that the claim is meritorious within ninety days. Id. § 3-2A-04(b)(1)(i)(1). Once a plaintiff has filed an expert report, she may waive arbitration and proceed to court. Id. § 3-2A-06B(a).

After receiving notice of the Navy's denial, Lucas quickly filed her claim with the state agency on November 21, 2013. However, she did not file her expert report and waive arbitration until May 19, 2014 -- eleven days after the FTCA's six-month limitations period passed. And Lucas did not file her complaint in federal district court until one month later.

The United States moved to dismiss the complaint for lack of subject matter jurisdiction on the ground that it was untimely. The district court stayed the proceedings pending the

4

Supreme Court's resolution of United States v. Kwai Fun Wong, 135 S.Ct. 1625 (2015). In that case, the Court held that the FTCA's filing deadline under § 2401(b) is not jurisdictional and allows for equitable tolling. 135 S. Ct. at 1629. After Kwai Fun Wong, the United States moved to dismiss Lucas's complaint for failure to state a claim. The district court granted the motion. The court reasoned that § 2401(b) applied and that no extraordinary circumstances warranted tolling the limitations period.

II.

On appeal, Lucas first argues that her claim was timely because filing a required state administrative claim begins an "action" under § 2401(b). But the text of § 2401(b) plainly establishes that "action" refers only to a federal civil action. See Raplee v. United States, --- F.3d --- (4th Cir. 2016). Therefore, § 2401(b) requires a plaintiff to file a complaint with a federal district court within six months after the relevant federal agency mails her notice that it has denied her claim. Lucas filed her federal complaint more than a month after this deadline passed. Therefore, her complaint was untimely.

Although § 2401(b) allows for equitable tolling, Lucas's case does not call for it. We generally review the district

5

court's denial of equitable tolling for abuse of discretion. Rouse v. Lee, 339 F.3d 238, 247 n.6 (4th Cir. 2003) (en banc). But see Cruz v. Maypa, 773 F.3d 138, 143 (4th Cir. 2014) (noting that in some circumstances review is de novo).

A statute can be equitably tolled only if a plaintiff shows that (1) she pursued her claim with reasonable diligence and (2) extraordinary circumstances prevented her from filing on time. See Holland v. Florida, 560 U.S. 631, 649 (2010). Equitable tolling is an extraordinary remedy limited to those occasions when "it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000).

Regardless of whether Lucas pursued her claim diligently, she has failed to show any "extraordinary circumstances" preventing her from filing on time. In fact, Lucas does not point to any intervening events that detained her. Rather, she argues only that Maryland's pre-filing requirements themselves constitute extraordinary circumstances.

Maryland's pre-filing requirements certainly place a burden on medical malpractice plaintiffs. However, this hardly counts as an extraordinary circumstance. The requirements apply to all medical malpractice claims that arise in Maryland. Lucas's argument would require us to hold that it is unconscionable to require an FTCA plaintiff to comply with state tort law. We

6

lack the power to do so.  A state unquestionably has the prerogative to place whatever requirements it chooses on its tort causes of action.  And Congress clearly intended FTCA plaintiffs to comply with those requirements.  See, e.g., Anderson v. United States, 669 F.3d 161, 164 (4th Cir. 2011).

The record contains no evidence that Maryland's requirements prevented Lucas from filing on time.  Lucas had more than four years to prepare the required state filings and her federal complaint.  Moreover, the state agency processed Lucas's filings without delay.  The agency issued its order of transfer -- allowing Lucas to proceed to federal court -- the day after Lucas filed her expert report and waived arbitration.

## III.

For the foregoing reasons, the judgment of the district court is

AFFIRMED.

7