**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-1968**

THOMAS G. RICHARDS, JR.,

Plaintiff - Appellant,

v.

NANCY A. BERRYHILL, Social Security Administration Commissioner,

Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Liam O'Grady, District Judge. (1:17-cv-00743-LO-MSN)

Submitted: January 31, 2019                    Decided: March 27, 2019

Before KEENAN and DIAZ, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Thomas G. Richards, Jr., Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Thomas G. Richards, Jr., appeals from the district court's dismissal of his complaint seeking review of the Commissioner of Social Security's denial of his claim for disability insurance benefits. The district court concluded that his complaint was untimely and that Richards was not entitled to equitable tolling.

Richards had until June 27, 2017, to commence his suit in the district court. Richards' complaint was filed in the district court on June 29, 2017. The Commissioner moved the district court to dismiss Richards' complaint under Fed. R. Civ. P. 12(b)(1)[1] or grant summary judgment in the Commissioner's favor because the complaint was untimely, or, alternatively, grant summary judgment to the Commissioner on the merits. Richards filed a response to the Commissioner's motion.

The district court orally granted the Commissioner's motion at a hearing and explained its decision in an order issued 10 days later. The court rejected Richards' argument that his complaint was timely because the complaint was signed and postmarked on June 27, holding that the relevant date was the date on which the clerk received the complaint; Richards' complaint was not stamped "filed" and entered on the docket until June 29. The district court also concluded that Richards was not entitled to

[1] The Commissioner labeled its motion as a Fed. R. Civ. P. 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction, but it was in substance a motion under Rule 12(b)(6), asserting a failure to state a claim. *See Bowen v. City of New York*, 476 U.S. 467, 478 (1986) (holding that 60-day requirement of 42 U.S.C. § 405(g) is not jurisdictional, but period of limitations); *Dean v. Pilgrim's Pride Corp.*, 395 F.3d 471, 474 (4th Cir. 2005) (noting statute of limitations may be raised as affirmative defense under Rule 12(b)(6)).

equitable tolling. The court rejected Richards' assertion that he called the Social Security Administration (SSA) and the district court to find out what he needed to do to meet the deadline, and that both told him he need only mail the complaint by the deadline. The court reasoned that "Plaintiff offers no proof of this assertion," and thus failed to show— as required for equitable tolling—that extraordinary circumstances prevented him from timely filing.

On appeal, Richards does not argue that the district court erred in concluding that his complaint was untimely, but does contend he is entitled to equitable tolling, renewing his assertion that the SSA and the district court both told him over the phone that, to be timely filed, his complaint only needed to be mailed and postmarked by the deadline.

At the outset, it is significant that the district court treated the Commissioner's motion as a motion to dismiss, rather than as a motion for summary judgment. This Court generally reviews a denial of equitable tolling for an abuse of discretion. *See Raplee v. United States*, 842 F.3d 328, 333 (4th Cir. 2016). But when a challenge to a denial of equitable tolling turns not on the existence of certain facts, but on a question of law—e.g., whether the facts demonstrate that the plaintiff failed to bring a timely claim— review is de novo. *See Cruz v. Maypa*, 773 F.3d 138, 143 (4th Cir. 2014) (observing that district court's denial of equitable tolling in context of granting motion to dismiss meant facts were undisputed and denial of equitable tolling was matter of law requiring de novo review).

The district court failed to apply the correct standard under Rule 12(b)(6). It did not accept as true Richards' factual allegation that both the agency and the district court

3

told him his complaint only needed to be postmarked by the filing date to be timely. Instead, the district court determined that Richards' allegation was untrue because he offered "no proof," and thus concluded that Richards was not entitled to equitable tolling because he did not establish that extraordinary circumstances prevented him from timely filing. But to survive the Commissioner's Rule 12(b)(6) motion, Richards' allegation did not need to be proven, or even probably true; it only needed to be plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 483-84 (4th Cir. 2015).

If Richards' assertion is accepted as true, he is plausibly entitled to equitable tolling. *See Bowen*, 476 U.S. at 479-82 (holding that limitations period of 42 U.S.C. § 405(g) is subject to equitable tolling). It is true that equitable tolling is rarely justified, but it is appropriate when "wrongful conduct" by the other party prevented a diligent plaintiff from timely filing. *See Cruz*, 773 F.3d at 145 (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000); *see also Raplee*, 842 F.3d at 333-34 (noting that wrongful conduct by opposing party can trigger equitable tolling).

In short, Richards' factual assertions may justify equitable tolling that would prevent dismissal of his complaint. Accordingly, we vacate the district court's dismissal, and we remand for further proceedings.[2] We dispense with oral argument because the

---

[2] Richards ultimately bears the burden of showing his eligibility for equitable tolling, *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005), and the Commissioner properly raised the timeliness issue in her motion for summary judgment. At the summary judgment stage, Richards will have an opportunity to provide support for his assertions. *See* Fed. R. Civ. P. 56.

4

facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*