**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 20-1447

GABRIEL HOSMAN PEREZ-AMAYA,

Plaintiff - Appellant,

v.

UNITED STATES OF AMERICA; JUDGE LIAM O'GRADY; JUDGE HENRY E. HUDSON; JONATHAN FALTAY, U. S. Attorney; ROBERT SAALE, FBI; JOHN FARRELL, Detective; JONATHAN P. SHELDON, Attorney; JAMES G. CONNELL, III, Attorney; JEROME AQUINO, Attorney,

Defendants - Appellees.

No. 20-1844

GABRIEL HOSMAN PEREZ-AMAYA,

Plaintiff - Appellant,

v.

UNITED STATES OF AMERICA; JUDGE LIAM O'GRADY; JUDGE HENRY E. HUDSON; JONATHAN FALTAY, U. S. Attorney; ROBERT SAALE, FBI; JOHN FARRELL, Detective; JONATHAN P. SHELDON, Attorney; JAMES G. CONNELL, III, Attorney; JEROME AQUINO, Attorney,

Defendants - Appellees.

Appeals from the United States District Court for the Eastern District of Virginia, at Richmond and Alexandria. Leonie M. Brinkema, District Judge; Henry E. Hudson, Senior District Judge. (3:19-cv-00960-HEH-RCY; 1:20-cv-00418-LMB-IDD)

Submitted: January 28, 2021                                        Decided: February 22, 2021

Before FLOYD, HARRIS, and RICHARDSON, Circuit Judges.

No. 20-1447, dismissed; No. 20-1844, dismissed in part and affirmed in part by unpublished per curiam opinion.

Gabriel Hosman Perez-Amaya, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated appeals, Gabriel Hosman Perez-Amaya seeks to appeal the district court's order dismissing without prejudice his complaint for failure to pay the required filing fee (No. 20-1447) and the district court's dismissal of the action and denial of Perez-Amaya's motion for reconsideration (No. 20-1844). We dismiss No. 20-1447 as moot and dismiss in part and affirm in part No. 20-1844.

We "have an independent obligation to verify the existence of appellate jurisdiction" even if the parties do not raise the issue. *Williamson v. Stirling*, 912 F.3d 154, 168 (4th Cir. 2018) (internal quotation marks omitted). Because the district court in the Richmond Division granted reconsideration of its dismissal without prejudice, reopened the case, and transferred it to the Alexandria Division, and the Alexandria Division later dismissed the action with prejudice, we conclude that the appeal in No. 20-1447 of the Richmond Division's vacated dismissal without prejudice is now moot. *See CVLR Performance Horses, Inc. v. Wynne*, 792 F.3d 469, 474 (4th Cir. 2015) (explaining that litigation becomes "moot during the pendency of an appeal when an intervening event makes it impossible for the court to grant effective relief to the prevailing party"); *Williams v. Ozmint*, 716 F.3d 801, 809 (4th Cir. 2013) (stating that case becomes moot "when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome" (internal quotation marks omitted)). When a case becomes moot, the court is deprived of jurisdiction. *Williams*, 716 F.3d at 808-09. Accordingly, we dismiss the appeal in No. 20-1447 for lack of jurisdiction.

3

Turning to appeal No. 20-1844, we must again consider whether we have jurisdiction over the district court's order dismissing Perez-Amaya's case with prejudice. *See Williamson*, 912 F.3d at 168. When the United States or its officer or agency is a party in a civil case, the notice of appeal must be filed no more than 60 days after the entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007). If a party files a Fed. R. Civ. P. 59(e) or 60(b) motion within 28 days of the judgment's entry, the appeal period is tolled until disposition of that motion. Fed. R. App. P. 4(a)(4)(A)(iv)-(vi). Because Perez-Amaya filed his Rule 60(b) motion more than 28 days after the entry of judgment, the motion did not toll the appeal period, and the notice of appeal from the dismissal order is untimely. Therefore, we dismiss this portion of the appeal in No. 20-1844.

However, this court has jurisdiction over the district court's denial of Perez-Amaya's Rule 60(b) motion. We have reviewed the record and find no reversible error. Accordingly, we affirm this portion of the appeal in No. 20-1844 for the reasons stated by the district court. *Perez-Amaya v. United States*, No. 1:20-cv-00418-LMB-IDD (E.D. Va. June 15, 2020). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*No. 20-1447, DISMISSED;*
*No. 20-1844, DISMISSED IN PART AND AFFIRMED IN PART*

4