IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs March 31, 2021

**ALEXANDER R. CARINO v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Cumberland County**
**No. 09-0016A        Wesley Thomas Bray, Judge**

_____

**No. E2020-01435-CCA-R3-PC**

_____

Alexander R. Carino, Petitioner, appeals the summary dismissal of his 2020 Petition for Post-Conviction Relief which challenged his 2010 convictions for two counts of second degree murder. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed Pursuant to Court of Criminal Appeals Rule 20**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, P.J., and ROBERT H. MONTGOMERY, JR., J., joined.

Alexander R. Carino, Hartsville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; T. Austin Watkins, Assistant Attorney General; Bryant C. Dunaway, District Attorney General; Phillip A. Hatch, Assistant District Attorney General, for the appellee, State of Tennessee.

**MEMORANDUM OPINION**

In 2010, Petitioner pleaded guilty to two counts of second degree murder and was sentenced pursuant to a plea agreement to a total effective sentence of forty-three years at 100% service. The judgments of conviction were filed on July 19, 2010. Petitioner did not pursue a direct appeal.

On March 2, 2018, Petitioner filed a petition for post-conviction relief ("the first petition"), which the post-conviction court summarily dismissed, finding that "Petitioner ha[s] not proven that he was pursuing his rights diligently during the seven-year delay."

*Alexander R. Carino v. State*, No. E2018-00775-CCA-R3-PC, 2018 WL 5780231, at *5 (Tenn. Crim. App. Nov. 2, 2018), *perm. app. denied* (Tenn. Feb. 20, 2019). This court affirmed the post-conviction court's summary dismissal of the first petition. *Id.*

On September 21, 2020, Petitioner filed another petition for post-conviction relief ("the second petition"). Petitioner claimed that he breached the terms of his plea agreement by refusing to testify in the trial of his co-defendant and that in response, on November 12, 2010, the State filed a motion to set aside Petitioner's guilty plea. Petitioner explained that the trial court later allowed the State to withdraw its motion. Petitioner claimed that trial counsel "at no time had ever informed" him that the State filed a motion to withdraw its previous motion and "misled [Petitioner] to believe that his case would be heading to trial." The second petition stated:

> Petitioner [] had newly discovered this information through obtaining a docket report on January 12, 2017, that the State on October 25[,] 2011[,] filed a motion to withdraw its previous motion to "set aside [P]etitioner's plea of guilty" after the post-conviction statute of limitations had expired. [Petitioner], on this foundation, contends that he was deceived by counsel [] to "be patient . . . we are going to trial", during the period of November 12, 2010[,] through when the post-conviction statute of limitations had expired.

Petitioner filed the second petition more than three years and eight months after he claimed he obtained the docket report showing that the State had been allowed to withdraw its motion. He offers no explanation or reasons for the delay.

Whether a petitioner is entitled to due process tolling of the post-conviction statute of limitations involves mixed questions of law and fact which we review de novo without a presumption of correctness. *Whitehead v. State*, 402 S.W.3d 615, 621 (Tenn. 2013).

Generally, a court loses jurisdiction to consider a petition at the expiration of the statute of limitations. Tenn. Code Ann. § 40-30-102(b) (2020). There are three statutory exceptions to the loss of jurisdiction provided in Tennessee Code Annotated section 40-30-102(b), but Petitioner does not claim that any of the three statutory exceptions apply to his case. In addition to three statutory exceptions, Tennessee courts "have previously recognized that in certain circumstances, strict application of the statute of limitations would deny a defendant a reasonable opportunity to bring a post-conviction claim and thus, would violate due process." *Williams v. State*, 44 S.W.3d 464, 468 (Tenn. 2001). Our supreme court identified three circumstances that Tennessee courts have determined could justify due process tolling, including the circumstance alleged by Petitioner in the second petition—attorney misconduct. *Whitehead*, 402 S.W.3d at 624. However, in *Whitehead*, the court warned that due process tolling "'must be reserved for those rare instances

where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result.'" *Id*. at 631-32 (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)). This is not an instance where the delay in filing the second petition was due to circumstances external to Petitioner's own conduct. Accordingly, Petitioner is not entitled to due process tolling of the statute of limitations, and we affirm the post-conviction court's summary dismissal of the second petition.

Because this opinion would have no precedential value and because no error of law requiring a reversal of the judgment of the post-conviction court is apparent in the record, we affirm the summary dismissal of the second petition pursuant to Rule 20 of the Tennessee Court of Criminal Appeals.

_____
ROBERT L. HOLLOWAY, JR., JUDGE