**David F. KUNZ, Plaintiff–Appellee,**

v.

**NEW YORK STATE COMMISSION ON JUDICIAL MISCONDUCT, Robert Tembeckjian, individually and as Administrator and Counsel of the New York State Commission on Judicial Conduct, New York State Office of Court Administration, and Judge Jan H. Plumadore, individually and as Deputy Chief Administrator of the New York State Office of Court Administration, Defendants–Appellees,**

**H. William Van Allen and Christopher Earl Strunk, Intervenors–Defendants–Appellants.**

**No. 05–1566–CV.**

United States Court of Appeals, Second Circuit.

Nov. 8, 2005.

George J. Szary, DeGraff, Foy, Kunz & Devine, LLP, Albany, New York, for Plaintiff–Appellee.

Edward Lindner (Eliot Spitzer, Attorney General of the State of New York, and Peter H. Schiff, Senior Counsel, on the brief), New York, New York, for Defendants–Appellees.

H. William Van Allen, Hurley, New York and Christopher Earl Strunk, Brooklyn, New York, for Intervenors–Defendants–Appellants, pro se.

PRESENT: WALKER, Chief Judge, FEINBERG, and CARDAMONE, Circuit Judges.

## SUMMARY ORDER

Intervenors-defendants-appellants H. William Van Allen and Christopher Earl Strunk appeal from orders of February 15, 2005, March 21, 2005, and March 24, 2005, entered in the United States District Court for the Northern District of New York (Lawrence E. Kahn, *Judge* ) disposing of a suit between David F. Kunz, the New York State Commission on Judicial Conduct ("the Commission"), and the New York State Office of Court Administration ("OCA"), and denying as moot intervenors-defendants-appellants' motion to intervene in those proceedings. We assume familiarity with the facts and procedural history, and we affirm the district court's orders.

This court reviews a district court's denial of a motion to intervene for abuse of discretion. *See Farmland Dairies v. Comm'r of N.Y. State Dep't of Agric. & Mkts.*, 847 F.2d 1038, 1043–44 (2d Cir. 1988). In order to intervene in a case, an intervenor must have a "direct, substantial, and legally protectable" interest in the litigation. *United States v. Peoples Benefit Life Ins. Co.*, 271 F.3d 411, 415 (2d Cir. 2001) (citing *Wash. Elec. Coop., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 922 F.2d 92, 97 (2d Cir.1990)). Van Allen and Strunk seem to assert a general interest in the efficient regulation of judicial conduct by the Commission, but they fail to identify any direct interest in Kunz's dispute with the Commission and the OCA. Moreover, where the action in which a litigant seeks to intervene has been discontinued, the motion to intervene is rendered moot. *United States v. Ford,* 650 F.2d 1141, 1142–43 (9th Cir.1981); *see also Ruby v. Pan Am. World Airways, Inc.,* 360 F.2d 691, 691 (2d Cir.1966) (stating that an appeal from denial of preliminary injunction becomes moot when the complaint is dismissed); *Nat'l Bulk Carriers, Inc. v. Princess Mgmt.,* 597 F.2d 819, 825 n. 13 (2d Cir.1979) (pointing out that intervention in an action that is terminated could not provide any additional protection to putative intervenors and denying motion to intervene as moot). The appeal from the order denying appellants' motion to intervene as moot therefore must fail.

It is well-settled law that only proper parties of record may appeal adverse judgments. *Farmland Dairies,* 847 F.2d at 1043. Because appellants were not permitted to intervene in the proceedings involving Kunz, the Commission, and the OCA, appellants lack standing to appeal the orders disposing of that dispute.

We have carefully considered appellants' remaining arguments and find them to be without merit.

For the reasons set forth above, the decision of the United States District Court for the Northern District of New York is hereby AFFIRMED.