**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-1021**

CVLR PERFORMANCE HORSES, INC.,

    Plaintiff,

VICKI L. MARSH,

    Intervenor/Plaintiff,

and

KAREN FOSTER,

    Intervenor/Plaintiff – Appellant,

    v.

JOHN L. WYNNE; 1650 PARTNERS, LLC; RIVERMONT CONSULTANTS, INC., f/k/a The Rivermont Banking Co., Inc.,

    Defendants – Appellees,

and

OLD DOMINION NATIONAL BANK; ADVANTAGE TITLE & CLOSING LLC; S & R FARM, LLC; RALPH BECK; SHANA LESTER, f/k/a Shana Beck,

    Defendants.

**No. 14-1022**

CVLR PERFORMANCE HORSES, INC.,

    Plaintiff,

KAREN FOSTER,

Intervenor/Plaintiff,

and

VICKI L. MARSH,

Intervenor/Plaintiff – Appellant,

v.

JOHN L. WYNNE; 1650 PARTNERS, LLC; RIVERMONT CONSULTANTS, INC., f/k/a The Rivermont Banking Co., Inc.,

Defendants – Appellees,

and

OLD DOMINION NATIONAL BANK; ADVANTAGE TITLE & CLOSING LLC; S & R FARM, LLC; RALPH BECK; SHANA LESTER, f/k/a Shana Beck,

Defendants.

_____

Appeal from the United States District Court for the Western District of Virginia, at Lynchburg. Norman K. Moon, Senior District Judge. (6:11-cv-00035-NKM-RSB)

_____

Argued: March 25, 2015                    Decided: July 9, 2015

_____

Before SHEDD, WYNN, and DIAZ, Circuit Judges.

_____

Affirmed by published opinion. Judge Diaz wrote the opinion, in which Judge Shedd and Judge Wynn joined.

_____

**ARGUED:** Gary M. Bowman, Roanoke, Virginia, for Appellant. Chad Allan Mooney, PETTY, LIVINGSTON, DAWSON & RICHARDS, Lynchburg, Virginia, for Appellees. **ON BRIEF:** John E. Falcone, PETTY, LIVINGSTON, DAWSON & RICHARDS, Lynchburg, Virginia, for Appellees.

_____

DIAZ, Circuit Judge:

In November 2013, Appellants Karen Foster and Vicki Marsh sought to intervene as plaintiffs in a civil RICO action brought by CVLR Performance Horses, Inc. against John Wynne and his businesses. The district court denied the motions, finding that the statute of limitations on Appellants' claims had run and that equitable tolling was not appropriate under the circumstances. Foster and Marsh timely appealed, but the underlying suit between CVLR and Wynne settled and was dismissed by the district court approximately ten weeks later, while this appeal was pending. Wynne then moved to dismiss this appeal, arguing that the settlement of the underlying action rendered the appeal moot. We deferred consideration of the motion until the appeal was fully briefed, and we now deny Wynne's motion to dismiss and affirm the district court's denial of Appellants' motions to intervene.

I.

On September 8, 2011, CVLR filed suit against John Wynne and his solely owned companies, Rivermont Consultants, Inc. and 1650 Partners, LLC, alleging violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961–68 ("RICO"), as well as Virginia state law. In short, CVLR alleged that Wynne and his companies engaged in a scheme to defraud CVLR by falsely representing Rivermont Consultants as a bank, making loans to CVLR

3

under false pretenses, and committing insurance fraud. After CVLR amended its complaint, Wynne moved to dismiss. The district court granted Wynne's motion, finding that CVLR failed to state a claim under RICO. CVLR appealed and this court reversed, concluding that CVLR had adequately pleaded its RICO claim.

About four months after we remanded CVLR's action to the district court (and more than two years after the case was first filed), Appellants Foster and Marsh moved to intervene as plaintiffs. Appellants are acquaintances of Wynne who were allegedly victims of his financial schemes, including but not limited to fraudulent home foreclosures. Although Foster and Marsh are not mentioned in CVLR's initial complaint, both are described in the amended complaints as additional victims in Wynne's alleged RICO scheme. In their motions, Foster and Marsh adopted the allegations of CVLR's second amended complaint[1] and pleaded one RICO count each, with Marsh adding one count of unjust enrichment.

The district court denied Appellants' motions to intervene. The court explained that although intervention would otherwise be proper, Appellants' claims were barred by the four-year statute of limitations on private civil RICO claims. The district court further found that the "unusual" and "extraordinary" remedy of

---

[1] After the case returned to the district court, CVLR was permitted to amend its complaint for a second time.

equitable tolling was not appropriate, because Foster and Marsh had not diligently pursued their claims or demonstrated any extraordinary circumstances that would justify equitable relief. Foster and Marsh timely appealed the district court's judgment.

Shortly after Foster and Marsh appealed, CVLR and Wynne took part in a settlement conference at which they agreed to dismiss the action in its entirety. The district court formally dismissed the case in a March 27, 2014 order. Thereafter, Wynne moved to dismiss Appellants' appeal, citing our decision in Chesapeake Bay Foundation v. American Recovery Co., 769 F.2d 207 (4th Cir. 1985), and arguing that the dismissal of the underlying action rendered the appeal moot because Foster and Marsh could not possibly intervene in a case that no longer exists. We elected to defer ruling on the motion until after the parties fully briefed the appeal.

II.

This appeal raises two questions. First, we must decide as a threshold matter whether the settlement and dismissal of the underlying case renders moot Appellants' appeal of the denial of their motions to intervene. If so, we lack subject matter jurisdiction and must dismiss the appeal. If, however, the appeal is not moot, we must decide whether the district court erred when

5

it denied Foster's and Marsh's motions to intervene as time-barred and declined to apply equitable tolling.

A.

Because the case or controversy requirement "stems from the Constitution, it may not be ignored for convenience's sake." Incumaa v. Ozmint, 507 F.3d 281, 286 (4th Cir. 2007). We therefore begin by considering Appellees' contention that this appeal is moot. Appellees argue that the dismissal of the underlying action ended any remaining case or controversy, and that the appeal is thus moot because "[i]t is a legal impossibility to intervene in[] a case that does not exist." Appellees' Mot. to Dismiss at 4, Foster v. Wynne, No. 14-1021 (4th Cir. Apr. 15, 2014), ECF No. 23. We disagree.

The federal courts "are without power to decide questions that cannot affect the rights of litigants in the case before them." DeFunis v. Odegaard, 416 U.S. 312, 316 (1974) (internal quotation marks omitted). Thus, the parties' stake in the outcome of the case must exist not only at the case's inception, but for the entire duration of the proceedings. Litigation may become moot during the pendency of an appeal when an intervening event makes it impossible for the court to grant effective relief to the prevailing party. Incumaa, 507 F.3d at 286.

Our circuit has not squarely addressed whether dismissal of the underlying action automatically moots a pending appeal of the

district court's denial of a motion to intervene, and our sister circuits have differed in their approaches to the issue. The Eleventh and Third Circuits have held that dismissal of the underlying action does not moot an appeal of the denial of a motion to intervene. See Purcell v. BankAtlantic Fin. Corp., 85 F.3d 1508, 1511 n.3 (11th Cir. 1996) (finding that settlement of the case does not moot a preexisting appeal because the court could "potentially grant [the appellant] effective relief" by giving it standing to appeal the approval of the settlement); Neidig v. Rendina, 298 F. App'x 115, 116 n.1 (3d Cir. 2008) (unpublished) (allowing an appeal of the denial of a motion to intervene to move forward despite the subsequent dismissal of the appeal of the underlying action).

Several other circuits have followed suit, holding that jurisdiction over an appeal lies as long as the motion to intervene is made while the case is still live, although two courts have rendered inconsistent decisions. See, e.g., DBSI/TRI IV Ltd. P'ship v. United States, 465 F.3d 1031, 1037 (9th Cir. 2006) (holding that the intervention controversy survived final judgment in the underlying case because "if it were concluded on appeal that the district court had erred . . . the applicant would have standing to appeal the district court's judgment") (internal quotation marks omitted); Alt. Research & Dev. Found. v. Veneman, 262 F.3d 406, 410 (D.C. Cir. 2001) ("[O]ur jurisdiction . . . is

7

not affected by the fact that the district court denied intervention <u>after</u> the stipulated dismissal was entered; the dismissal does not render the appeal moot."); <u>FDIC v. Jennings</u>, 816 F.2d 1488, 1491 (10th Cir. 1987) (observing that the settlement did not resolve the would-be intervenors' claims, and that "[t]o allow a settlement between parties to moot an extant appeal . . . might well provide incentives for settlement that would run contrary to the interests of justice").[2]  <u>But see</u> <u>W. Coast Seafood Processors Ass'n v. Nat. Res. Def. Council, Inc.</u>, 643 F.3d 701, 704 (9th Cir. 2011) (dismissing appeal as moot after final judgment was entered in the underlying case because the court "cannot grant [the appellant] any 'effective relief'" when "the underlying litigation is over"); <u>Energy Transp. Grp., Inc. v. Mar. Admin.</u>, 956 F.2d 1206, 1210 (D.C. Cir. 1992) (same).  Finally, the Second Circuit has held in an unpublished decision that an appeal of the denial of a motion to intervene is immediately mooted when

---

[2] The Tenth Circuit's ruling in <u>Jennings</u> can be contrasted usefully with its decision in <u>Tosco Corp. v. Hodel</u>, 804 F.2d 590, 592 (10th Cir. 1986), in which the court dismissed the appeal of the denial of a motion to intervene as moot when the motion was not filed in the district court until <u>after</u> the case had already been settled and dismissed.  Most courts that have considered situations similar to <u>Tosco</u> agree that when the motion to intervene is not filed until after the underlying case is fully resolved, that motion is moot.  <u>See, e.g.</u>, <u>GMAC Comm. Mortg. Corp. v. LaSalle Bank Nat'l Ass'n</u>, 213 F.R.D. 150, 150 (S.D.N.Y. 2003) (dismissing an attempt to intervene as moot when intervention was sought on the same day the underlying case was dismissed).

the underlying case is dismissed.  <u>Kunz v. N.Y. State Comm'n on Judicial Misconduct</u>, 155 F. App'x 21, 22 (2d Cir. 2005).

In the case before us, the underlying action that was the subject of Appellants' motions to intervene was dismissed following the settlement between CVLR and Wynne.  However, this is not a case akin to <u>Tosco</u> or <u>GMAC</u> in which the would-be intervenors failed to assert their rights until after the underlying case was concluded.  To the contrary, the case was live when Appellants moved to intervene, and remained so when the district court denied the motions and Appellants appealed to this court.

We find more persuasive the reasoning of those courts holding that dismissal of the underlying action does not automatically moot a preexisting appeal of the denial of a motion to intervene. This is so because in many cases, the resolution of an action between the original parties is not determinative of the defendant's liability with respect to other potential plaintiffs. In these circumstances, when the motion to intervene is made while the controversy is live and the subsequent disposition of the case does not provide the relief sought by the would-be intervenors (for example, money damages, as Appellants seek here), we can provide an effective remedy on appeal and therefore have jurisdiction.

Contrary to Appellees' argument, we do not find that this case is controlled by our decision in <u>Chesapeake Bay Foundation</u>.

9

In that case, plaintiff environmental groups filed suit against the defendant, alleging violations of discharge permits under the Clean Water Act, on the same day the government initiated an enforcement action against the defendant on the same subject matter. 769 F.2d at 208. The district court granted the defendant's motion to dismiss the complaint as duplicative of the government's action, and subsequently denied the plaintiffs' motion to intervene in the government's suit. Id. The plaintiffs appealed both rulings, but the government and the defendant negotiated a consent decree during the pendency of the appeal. Id. at 209. Despite finding that the plaintiffs had an "express statutory right[]" to intervene, we held (and the plaintiffs effectively agreed) that the settlement mooted the appeal because it provided all of the relief that the plaintiffs sought. Id. The decree required that the defendant cease the operations at issue and abandon its discharge permits, a resolution that plaintiffs conceded was "a 'good' settlement to which they ha[d] no objections." Id.

Critically, the settlement of the underlying action in the instant case did not provide Appellants the relief they sought. Were we to reverse the district court's denial of the motions to intervene, Appellants could pursue their claims for damages against Wynne independently of CVLR's now-settled case. See Atkins v. State Bd. of Educ., 418 F.2d 874, 876 (4th Cir. 1969)

10

("Ordinarily intervention cannot be used to revive a law suit, but a court may treat intervention as a separate action, especially when the intervenor has an independent basis for jurisdiction."). Because a ruling in Appellants' favor on the merits of their appeal would provide them effective relief, we have jurisdiction.

B.

We turn next to Appellants' argument that the district court reversibly erred by declining to apply equitable tolling, which would have allowed Appellants to intervene after the statute of limitations on their claims had expired.  We review a district court's decision not to apply equitable tolling for abuse of discretion, Chao v. Va. Dep't of Transp., 291 F.3d 276, 279–80 (4th Cir. 2002), and will affirm unless the district court acted arbitrarily or in reliance on erroneous factual or legal premises, James v. Jacobson, 6 F.3d 233, 239 (4th Cir. 1993).

The statute of limitations on private civil RICO claims is four years, beginning on the date the plaintiff "discovered, or should have discovered, the injury."  Potomac Elec. Power Co. v. Elec. Motor & Supply, Inc., 262 F.3d 260, 266 (4th Cir. 2001).[3] Although it is unclear from the limited record when exactly Appellants' RICO claims accrued, the latest accrual date alleged

---

[3] Appellants do not appeal the district court's ruling with respect to Marsh's unjust enrichment claim.

11

falls in September 2008. See CVLR Performance Horses, Inc. v. Wynne, No. 6:11-cv-00035, 2013 WL 6409894, at *4 (W.D. Va. Dec. 9, 2013); Appellants' Br. at 17, 18, 32. Thus, even under Appellants' own timeline, the four-year statute of limitations had run by the time they moved to intervene in November 2013.

Appellants argue that although their motions to intervene were not filed until fourteen months after the statute of limitations expired, the delay does not bar relief under the doctrine of equitable tolling. To qualify for equitable tolling, Appellants must show that (1) they diligently pursued their rights, but (2) an extraordinary circumstance prevented them from timely filing their claim. Holland v. Florida, 560 U.S. 631, 649 (2010). Equitable tolling has long been considered an extraordinary remedy in this circuit, and litigants face a considerable burden to demonstrate that it applies. Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000) (explaining that reprieve from the statute of limitations must be "guarded and infrequent," and "reserved for those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitation period . . . and gross injustice would result").

The district court's refusal to apply equitable tolling was not an abuse of discretion because Appellants did not demonstrate diligent pursuit of their rights or extraordinary circumstances sufficient to excuse their delay. With respect to the first prong,

12

Appellants contend that they diligently pursued their rights by doing the following: (1) Foster filed for bankruptcy and initiated a separate state proceeding against Wynne to enjoin the foreclosure of her home; (2) Foster objected to Wynne's attempt to evict her from her home, alleging that that the foreclosure sale was a sham; (3) Foster noted in her bankruptcy schedules that she planned to file a RICO case against Wynne; and (4) Marsh "repeatedly, and continuously . . . complained to the federal and state criminal authorities, to the banking regulatory agencies . . . and to the courts of South Carolina" that Wynne had injured her, Appellants' Br. at 32. Notably absent from Appellants' allegations, however, is any indication that either Foster or Marsh took any steps toward actually filing a RICO claim.

Although we have declined to establish rigid guidelines for assessing diligence in this context, we have explained that diligence can be demonstrated by actions like "filing a defective pleading during the statutory period." United States v. Babb, 54 F. App'x 772, 774 (4th Cir. 2003) (unpublished). Foster and Marsh do not allege that they made any attempts to file a RICO claim between the time their claims accrued in 2008 and the filing of their motions to intervene in November 2013. They do not say that they were unaware of the existence of CVLR's suit, or that they endeavored to pursue their RICO claims in a separate proceeding but were thwarted. Nor have Appellants explained why, after we

13

reversed the district court's dismissal of CVLR's complaint and remanded the action, they waited four months before moving to intervene.[4]

Appellants insist that, at the very least, the district court should have held an evidentiary hearing to determine the extent of their diligence, particularly with respect to Marsh, whom they describe as autistic. They claim that this case is similar to Forbess v. Franke, in which the Ninth Circuit held that a mentally ill petitioner was entitled to equitable tolling because his delusions prevented him from filing suit in a timely manner. 749 F.3d 837 (9th Cir. 2014).

As an initial matter, it is within the sound discretion of the district court to dispose of a motion without a hearing. Fed. R. Civ. P. 78(b). And unlike in Forbess, Appellants have not pleaded any connection between Marsh's alleged mental impairment and their failure to file a RICO claim during the limitations period, either in their motions to intervene or on appeal. Nor

---

[4] Foster and Marsh make much of the district court's comment that even if a qualifying extraordinary circumstance occurred in April 2012 when CVLR's case was erroneously dismissed, Appellants still "waited for more than three and a half years" before taking any action to pursue their rights. See Wynne, 2013 WL 6409894, at *4. Contrary to Appellants' repeated assertions that the district court effectively shortened the statute of limitations by six months, the district court was merely observing that Appellants' failure to take any action at all between September 2008 and April 2012 weighed against a finding of diligence.

14

does Forbess stand for the principle that an evidentiary hearing is required in any case involving a party with a mental impairment. To the contrary, the Forbess court relied on the test enunciated in Bills v. Clark, 628 F.3d 1092 (9th Cir. 2010), which requires a showing that the impairment (1) was "so severe that the petitioner was unable personally . . . to understand the need to timely file," and (2) "made it impossible under the totality of the circumstances to meet the filing deadline despite petitioner's diligence." Forbess, 749 F.3d at 840. Because Appellants have not pleaded any link between Marsh's alleged mental condition and their late filings, the district court did not abuse its discretion by foregoing a hearing.

Appellants have also failed to show that extraordinary circumstances prevented them from filing their claims during the limitations period. Tolling is proper "where the petitioner has in some extraordinary way . . . been prevented from asserting his or her rights," although the doctrine "does not lend itself to bright-line rules." Harris, 209 F.3d at 330 (internal quotation marks omitted). The circumstances preventing a party from pursuing his or her rights must be "external to the party's own conduct." Id. For example, extraordinary circumstances have been found when parties lack access to the courts entirely. See Chao v. Va. Dep't of Transp., 157 F. Supp. 2d 681, 697 n.8 (E.D. Va. 2001), aff'd in part, rev'd in part, 291 F.3d 276 (observing that limited access

to the courts during wartime is an extraordinary circumstance).

Extraordinary circumstances may also exist when a plaintiff is "prevented from asserting [his or her] claims by some kind of wrongful conduct on the part of the defendant." Harris, 209 F.3d at 330. In addition, we have found extraordinary circumstances when the statute of limitations ran after a party received a favorable (but later determined to be erroneous) administrative disposition of her claim. See Nealon v. Stone, 958 F.2d 584, 593 (4th Cir. 1992) (applying equitable tolling because the plaintiff "had no reason at [the time the statute ran] to doubt that the Army would follow the EEOC's determination").

Appellants say that after the dismissal of CVLR's claim in April 2012, they were "prohibited" from filing their own claim or moving to intervene in CVLR's case because they would have "been subject to Rule 11 sanctions for asserting a RICO claim against Wynne, when the court had already held . . . that Wynne's conduct did not meet RICO's continuity requirement." Appellants' Br. at 28. They thus contend that the dismissal of CVLR's case was an "extraordinary circumstance" that prevented them from asserting their rights because it rendered their claims unwarranted under existing law. This argument is unavailing.

We agree with the district court that the dismissal created a difficult situation for Appellants as potential intervenors, and acknowledge the likelihood that a separately filed complaint would

16

have been dismissed.  But we also find it implausible that Appellants would have faced Rule 11 sanctions for filing a pleading after the dismissal of CVLR's suit in order to preserve their rights during the limitations period, particularly because Rule 11 permits filings based not only on existing law, but also on nonfrivolous arguments for the modification or reversal of existing law.  Fed. R. Civ. P. 11(b)(2).  Accordingly, we agree with the district court that no extraordinary circumstances existed that warranted equitable tolling.

## III.

For the reasons given, we deny Appellees' motion to dismiss this appeal, and affirm the district court's denial of Appellants' motions to intervene.

AFFIRMED

17