**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-1245**

THE LEISER LAW FIRM, PLLC; PHILLIP B. LEISER, ESQ.,

        Plaintiffs - Appellants,

    v.

THE HONORABLE GAYLORD L. FINCH, JR.,

        Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Claude M. Hilton, Senior District Judge. (1:15-cv-00834-CMH-IDD)

Submitted: September 30, 2016      Decided: October 24, 2016

Before MOTZ, WYNN, and HARRIS, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Phillip Ben-Zion Leiser, THE LEISER LAW FIRM, PLLC, Tysons Corner, Virginia, for Appellants. Mark R. Herring, Attorney General, Rhodes B. Ritenour, Deputy Attorney General, Nicholas F. Simopoulos, Erin R. McNeill, Assistant Attorneys General, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Appellants appeal the district court's order dismissing their complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). We dismiss the appeal as moot.

"If a live case or controversy ceases to exist after a suit has been filed, the case will be deemed moot and dismissed for lack of standing." Pender v. Bank of Am. Corp., 788 F.3d 354, 368 (4th Cir. 2015) (citation omitted). "Mootness principles derive from the requirement in Article III of the Constitution that federal courts may adjudicate only disputes involving a case or controversy." Williams v. Ozmint, 716 F.3d 801, 808 (4th Cir. 2013) (citation and internal quotation marks omitted). "The case-or-controversy requirement applies to all stages of a federal case." Id.

"To establish Article III standing, a plaintiff must show (1) an injury in fact, (2) a sufficient causal connection between the injury and the conduct complained of, and (3) a likelihood that the injury will be redressed by a favorable decision." Susan B. Anthony List v. Driehaus, 134 S. Ct. 2334, 2341 (2014) (citations and internal quotation marks omitted). "The federal courts are without power to decide questions that cannot affect the rights of litigants in the case before them." CVLR Performance Horses, Inc. v. Wynne, 792 F.3d 469, 474 (4th Cir. 2015) (citation and internal quotation marks omitted). "A

2

case becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." Williams, 716 F.3d at 809 (citation and internal quotation marks omitted).

"A change in factual circumstances can moot a case on appeal, such as when the plaintiff receives the relief sought in his or her claim, or when an event occurs that makes it impossible for the court to grant any effectual relief to the plaintiff." Id. (citations and internal quotation marks omitted). "Courts recognize an exception to the mootness doctrine when (1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration; and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." Id. at 809-10 (citations and internal quotation marks omitted). "However, courts also have cautioned that this is a narrow exception, which is limited to the exceptional situation." Id. at 810 (citations and internal quotations omitted). Therefore, "a party seeking to invoke this exception to the mootness doctrine bears the burden of showing its application." Id. (citations omitted).

In this action, Appellants sued Appellee, who was the judge presiding over a state court lawsuit against them. They claimed Appellee violated their rights under the Fourteenth Amendment

3

when he overruled their demurrer based on absolute privilege and they were forced to defend the suit. They sought a declaratory judgment that Appellee's actions were in violation of 42 U.S.C. § 1983 (2012). The district court dismissed the complaint based on judicial immunity. After the court's order issued, the state court lawsuit was nonsuited. Appellee contends this appeal is moot. Appellants contend the alleged violations of their constitutional rights fall within the mootness exception for disputes capable of repetition yet evading review. We have reviewed the record and the parties' briefs, and we conclude that Appellants fail to sustain their burden of showing that the exception is applicable.

We therefore dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>DISMISSED</u>