**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-6233**

WILLIAM LEON BURNETT,

            Plaintiff - Appellant,

        v.

BERNARD MCKIE; ERNEST ROWE; RANDALL WILLIAMS; JOHN R. PATE; ELLEN INABINET; TYQUAN EADY; WALTER WORROCK,

            Defendants - Appellees.

Appeal from the United States District Court for the District of South Carolina, at Beaufort.  Mary G. Lewis, District Judge.  (9:17-cv-01582-MGL)

Submitted:  May 17, 2018                          Decided:  May 21, 2018

Before KING and AGEE, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

William Leon Burnett, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Leon Burnett appeals the district court's order adopting the magistrate judge's recommendation and dismissing without prejudice Burnett's 42 U.S.C. § 1983 (2012) action. As a threshold matter, "the question of whether we are presented with a live case or controversy is a question we may raise *sua sponte* since mootness goes to the heart of the Article III jurisdiction of the courts." *Castendet-Lewis v. Sessions*, 855 F.3d 253, 260 (4th Cir. 2017) (internal quotation marks omitted). "Litigation may become moot during the pendency of an appeal when an intervening event makes it impossible for the court to grant effective relief to the prevailing party." *CVLR Performance Horses, Inc. v. Wynne*, 792 F.3d 469, 474 (4th Cir. 2015).

Burnett's complaint challenged his prison disciplinary conviction on due process grounds, and also took issue with prison officials' handling of his related grievance. He sought only prospective injunctive relief: expungement of his disciplinary conviction, restoration of his prior privileges and security classification, an expedited response to his grievance, and a preliminary injunction barring his transfer to a different prison. During the pendency of this appeal, Burnett was released from the South Carolina Department of Corrections. In light of his release, we conclude that Burnett cannot obtain the relief he seeks under § 1983 and therefore lacks a legally cognizable interest in a favorable ruling in this appeal. *See Rendelman v. Rouse*, 569 F.3d 182, 186 (4th Cir. 2009) ("[A]s a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive . . . relief with respect to his incarceration there."); *Incumaa v. Ozmint*, 507 F.3d 281, 287 (4th Cir. 2007) ("Once an inmate is removed from the environment in

2

which he is subjected to the challenged policy or practice, absent a claim for damages, he no longer has a legally cognizable interest in a judicial decision on the merits of his claim.").

Accordingly, we deny Burnett's motion for counsel and dismiss the appeal as moot. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*