**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 18-7042

PHILIP M. SEBOLT,

Plaintiff - Appellant,

v.

JOHN A. PINDELSKI, in his individual capacity; STEPHANIE K. RUSH, in her individual capacity; ANDRES E. HERNANDEZ, in his individual capacity; DOUGLAS L. STINE, in his individual capacity; WILLIAM T. BICKART, in his individual capacity; ROB NAGLE, in his individual capacity; KELLI L. HECK, in her individual capacity; ANDREA R. WEISMAN, in her individual capacity; HOLLY ANDERSON, in her individual capacity,

Defendants - Appellees.

No. 20-6867

PHILIP M. SEBOLT,

Plaintiff - Appellant,

v.

JOHN A. PINDELSKI, in his individual capacity; STEPHANIE K. RUSH, in her individual capacity; ANDRES E. HERNANDEZ, in his individual capacity; DOUGLAS L. STINE, in his individual capacity; WILLIAM T. BICKART, in his individual capacity; ROB NAGLE, in his individual capacity; KELLI L. HECK, in her individual capacity; ANDREA R. WEISMAN, in her individual capacity; HOLLY ANDERSON, in her individual capacity,

Defendants - Appellees.

_____

Appeals from the United States District Court for the Eastern District of Virginia, at Alexandria.  Anthony John Trenga, Senior District Judge.  (1:17-cv-01212-AJT-MSN)

_____

Submitted:  May 20, 2022                                        Decided:  July 20, 2022

_____

Before MOTZ, DIAZ, and HEYTENS, Circuit Judges.

_____

No. 18-7042, dismissed; No. 20-6867, affirmed by unpublished per curiam opinion.

_____

Philip Michael Sebolt, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated appeals, Philip M. Sebolt appeals the district court's orders dismissing his original and amended complaints for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(ii).  We dismiss appeal No. 18-7042 for lack of jurisdiction and affirm the district court's judgment in appeal No. 20-6867.

As a threshold matter, we "have an independent obligation to verify the existence of appellate jurisdiction," even if the parties do not raise the issue.  *Williamson v. Stirling*, 912 F.3d 154, 168 (4th Cir. 2018) (internal quotation marks omitted).  A case "may become moot during the pendency of an appeal when an intervening event makes it impossible for the court to grant effective relief to the prevailing party," *CVLR Performance Horses, Inc. v. Wynne*, 792 F.3d 469, 474 (4th Cir. 2015), or "when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome," *Williams v. Ozmint*, 716 F.3d 801, 809 (4th Cir. 2013) (internal quotation marks omitted).  When a case becomes moot, we are deprived of jurisdiction.  *Id.* at 808-09.

Appeal No. 18-7042 challenges only the district court's November 2017 order dismissing Sebolt's original complaint.  Upon our limited remand, the district court vacated that order and granted Sebolt leave to file an amended complaint that superseded the original complaint.  Accordingly, we conclude that Sebolt's appeal of the November 2017 order is moot, and we dismiss No. 18-7042 for lack of jurisdiction.

Turning to No. 20-6867, Sebolt's appeal of the district court's April 2020 order dismissing his amended complaint, we review the district court's dismissal order de novo, applying the same standards applicable to review of a Fed. R. Civ. P. 12(b)(6) dismissal.

3

*Wilcox v. Brown*, 877 F.3d 161, 166 (4th Cir. 2017); *Martin v. Duffy*, 858 F.3d 239, 248 (4th Cir. 2017). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Carey v. Throwe*, 957 F.3d 468, 474 (4th Cir. 2020) (internal quotation marks omitted). "[I]n evaluating a complaint filed in forma pauperis pursuant to § 1915, a district court may consider a statute of limitations defense *sua sponte* when the face of the complaint plainly reveals the existence of such defense." *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006).

Sebolt's amended complaint alleged a *Bivens*[*] claim for deliberate indifference to his serious medical needs and two related negligence claims pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680 (FTCA). We apply the state's personal injury statute of limitations to *Bivens* claims. *Reinbold v. Evers*, 187 F.3d 348, 359 n.10 (4th Cir. 1999). Sebolt's *Bivens* claim was subject to, at most, a two-year statute of limitations, running from the date the claim accrued. *See A Soc'y Without A Name v. Virginia*, 655 F.3d 342, 348 (4th Cir. 2011); 735 Ill. Comp. Stat. § 5/13-202; Va. Code Ann. § 8.01-243(A); Ky. Rev. Stat. Ann. § 413.140(1)(a); *Mitchell v. Chapman*, 343 F.3d 811, 825 (6th Cir. 2003) (Kentucky); *Delgado-Brunet v. Clark*, 93 F.3d 339, 342 (7th Cir. 1996) (Illinois). Sebolt also must have presented his FTCA claims to the Federal Bureau of Prisons ("BOP") within two years after those claims accrued. *See* 28 U.S.C. § 2401(b);

---

[*] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

4

28 C.F.R. § 14.2(a) (2021). Thus, to be timely, Sebolt's *Bivens* claim must have accrued no earlier than October 5, 2015, two years prior to the filing of his original complaint. *See Houston v. Lack*, 487 U.S. 266, 276 (1988). And, Sebolt's FTCA claims must have accrued no earlier than September 29, 2015, two years prior to the date he alleges that he presented his claims in writing to the BOP.

"A federal cause of action accrues when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." *Baldwin v. City of Greensboro*, 714 F.3d 828, 839 (4th Cir. 2013) (internal quotation marks omitted). Put differently, federal law "conforms to common-law tort principles," under which "accrual occurs when the plaintiff has a complete and present cause of action against a defendant—that is, when the plaintiff knows or has reason to know of his injury." *Owens v. Balt. City State's Atty's Office*, 767 F.3d 379, 389 (4th Cir. 2014) (cleaned up); *see United States v. Kubrick*, 444 U.S. 111, 120-22 (1979) (holding that FTCA medical-malpractice claim accrues when plaintiff knows, or in exercise of due diligence should know, of both injury and its likely cause).

Although "it is critical that the plaintiff know that he has been hurt and who inflicted the injury," *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951, 955 (4th Cir. 1995) (en banc), a plaintiff's cause of action accrues "when the wrongful act or omission results in damages," "even though the full extent of the injury is not then known or predictable," *Wallace v. Kato*, 549 U.S. 384, 391 (2007) (internal quotation marks omitted). "Were it otherwise, the statute would begin to run only after a plaintiff became satisfied that he has

5

been harmed enough, placing the supposed statute of repose in the sole hands of the party seeking relief." *Id.*

We have reviewed the record in light of these standards and find no reversible error in the district court's determination that each of Sebolt's claims accrued well before September 29, 2015. *See id.*; *Owens*, 767 F.3d at 389; *see also Md. Shall Issue, Inc. v. Hogan*, 963 F.3d 356, 361 (4th Cir. 2020) (describing standing); *Scoggins v. Lee's Crossing Homeowners Ass'n*, 718 F.3d 262, 270 (4th Cir. 2013) (describing ripeness). Because we agree that Sebolt's claims are facially time-barred, we affirm the district court's judgment dismissing Sebolt's amended complaint.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*No. 18-7042, DISMISSED;*
*No. 20-6867, AFFIRMED*